**STATE of Maine**

**v.**

**Richard WARD.**

Supreme Judicial Court of Maine.

July 27, 1970.

**918**

Robert T. Coffin, County Atty., Portland, for plaintiff; Alan L. Sachs, Law Student.

Neil D. MacKerron, Bridgton, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE and POMEROY, JJ.

MARDEN, Justice.

On appeal from denial of motions by respondent a) to dismiss the complaint, and b) to arrest judgment upon conviction.

An inspector employed by the State Liquor Commission arrested the respondent while in the cab of a truck on a public way and told respondent that he was charged with 1) intoxication in a motor vehicle, and 2) drinking in a motor vehicle. Subsequently, when the District Court convened, the inspector filed complaints charging defendant with 1) intoxication in a motor vehicle, 2) drinking in a motor vehicle, and 3) operating a motor vehicle while impaired by the use of intoxicating liquor. The respondent being then present in Court, no warrant was issued for his arrest on the third charge. Prior to hearing, the "drinking" charge was dismissed. Upon trial in the District Court respondent was found guilty of 1) public intoxication in a motor vehicle, and 3) operating a motor vehicle while impaired. · Upon appeal to the Superior Court respondent filed motion to dismiss the charge of operating while impaired, contending that the inspector had no authority to "arrest or complain" on the charge of driving while impaired, urging that the statutory authority of a Liquor Inspector did not so empower him, and *ergo* the complaint was a nullity and the Court had no jurisdiction.

This motion to dismiss was denied, and upon trial respondent was found guilty. He then filed his motion to arrest judgment upon the same grounds as urged in his motion to dismiss. This motion was denied. Appeal was taken from both rulings.

Title 28 M.R.S.A. provides for and governs the State monopoly on the manufacture, import, storage, transport, and sale of alcoholic beverages. Section 55 of that Title, subsection 14, empowers the Liquor Commission to employ inspectors and provides that such inspectors:

"(S)hall have the same powers and duties throughout the several counties of the State as sheriffs have in their respective counties relating to liquor. Their power and duties shall include the duty to inquire into and arrest for violations of any of the provisions of this Title, to arrest for violations of Title 29, section 2182, to arrest for impersonation of or interference with liquor inspectors, and to arrest for disturbances of the peace in the pursuance of their duties relating to liquor under this Title and to serve all processes necessary for and pertaining to enforcement of any of the provisions of this Title."

Chapter 69 of Title 17 has to do with intoxication. Section 2001 of that chapter and title provides in part that:

"Whoever is found intoxicated * * * in a motor vehicle while said motor vehicle is in any street, highway or other public place, shall be punished * * *. Any such intoxicated person shall be taken into custody by any * * *, liquor inspector, * * *, and committed

\* \* \* or restrained \* \* \*, until a complaint can be made and a warrant issued against him, upon which he may be arrested and tried."

Title 29 encompasses the motor vehicle statutes and Section 2182 makes unlawful the display or possession of a revoked, mutilated, fictitious or fraudulently altered (motor vehicle) operator's license, or the loan by the licensee of his license to another. This section becomes pertinent to Title 28 relative use of a motor vehicle operator's license toward proof of the age of a potential vendee of alcoholic beverages.

The clause equating the powers of inspectors to those of sheriffs leads to 28 M.R.S.A. § 1151 which provides:

"Sheriffs and their deputies and county attorneys shall diligently and faithfully inquire into all violations of law within their respective counties and institute proceedings in case of violations or supposed violations of law, and particularly the law against the illegal sale of liquor, gambling houses or places and houses of ill fame."

■ The powers extended to sheriffs and their deputies by 28 M.R.S.A. § 1151 is broader than the powers extended to liquor inspectors under 28 M.R.S.A. § 55, subsection 14. The powers of liquor inspectors which are co-extensive with powers of sheriffs are confined to matters "relating to liquor," by which is meant liquor control within the contemplation of Title 28. Title 28 by its § 55, subsection 14 expressly reaches into fields of public intoxication and motor vehicle law as those may be related to liquor control.

■ This permits us to agree with the appellant that the inspector had no authority to arrest him for driving while impaired. The inspector did not arrest him for driving while impaired.

■ We cannot agree with the appellant that the inspector had no authority to file a complaint against him for driving while impaired. The registration of a complaint against anyone for an alleged statutory violation is the right of any person. A liquor inspector does not lose this right upon assuming his duty as an inspector.

■ Subsection 14 of Section 55 (28 M.R.S.A.) grants liquor inspectors authority to arrest persons found intoxicated in a motor vehicle in a public place, which power this inspector exercised, followed seasonably by complaint and warrant (17 M.R.S.A. § 2001, and 15 M.R.S.A. § 704) in response to which respondent appeared before the District Court. At the same time the inspector filed a complaint for driving while impaired. The accused being present in Court, no warrant or arrest thereon was necessary. Rule 4(a) M.R.Crim.Proc., Maine Practice, Glassman § 4.1. The complaint served as a charging instrument for trial. This complaint was valid, the Court had jurisdiction of both the accused (by his presence) and the offense (by 4 M.R.S.A. § 152) and the motions were properly denied.

*Appeal denied.*