2004 ME 39

### Maurice LIBNER

v.

### MAINE COUNTY COMMISSIONERS' ASSOCIATION.

Supreme Judicial Court of Maine.

Argued: Jan. 13, 2004.

Decided: March 26, 2004.

Andrew S. Hagler, Esq. (orally), Brunswick, for plaintiff.

Michael J. Schmidt, Esq. (orally), Wheeler & Arey, P.A., Waterville, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

SAUFLEY, C.J.

[¶ 1] Maurice Libner appeals from the judgment of the Superior Court (Kennebec County, *Marden, J.*) in favor of the Maine County Commissioners' Association Self–Funded Risk Management Pool. Libner argues that the court erred in concluding that he was not entitled to enforce an attorney's lien against the Association. We affirm the judgment.

## I. BACKGROUND

[¶ 2] Libner, an attorney licensed and practicing in Maine, represented a client in a dispute arising from a motor vehicle accident involving a Somerset County employee. In October 2001, Libner and his client entered into an attorney-client contingency fee agreement.

[¶ 3] Acting on behalf of his client, Libner negotiated a settlement agreement with the Association. On two occasions, his client agreed in principle to the terms of a settlement, but declined to finalize the agreement. Ultimately, the client discharged Libner. She later settled her own claim and her husband's claim directly with the Association's risk pool manager on the terms previously negotiated by Libner.

[¶ 4] When the settlement was final, the manager informed Libner by letter of the settlement and informed him that the agreement required his former client to

personally satisfy any liens related to this matter. The letter suggested that Libner address any claims for legal fees with his former client.

[¶ 5] After receiving the manager's letter, Libner filed a complaint and an ex parte motion for prejudgment attachment and trustee process against his former client.[1] When the attempted trustee process proved unsuccessful, Libner filed an amended complaint adding the Association as a defendant. In the amended complaint, Libner alleged that the Association "was on notice of an equitable lien for attorneys' fees and costs, in favor of the Plaintiff, prior to paying the proceeds of [the client's] personal injury settlement directly to her, and in any event, before the settlement draft was presented for payment."[2]

[¶ 6] The Association filed a motion to dismiss the amended complaint pursuant to M.R. Civ. P. 12(b)(6) and attached an exhibit to its motion for the court's consideration. The court entered a judgment in favor of the Association, concluding that Libner's complaint failed to allege facts that would entitle him to relief against the Association. This appeal followed.

## II. DISCUSSION

### A. Standard of Review

[¶ 7] When a party files a motion to dismiss, the court will consider only the facts alleged in the complaint and these facts must be assumed as true. *See Flaherty v. Allstate Ins. Co.*, 2003 ME 72, ¶ 12, 822 A.2d 1159, 1164–65. However, if a party files a motion to dismiss and documents outside the pleadings are presented to, and not excluded by, the trial court, we treat the motion as one for a summary judgment. M.R. Civ. P. 12(b); *Beaucage v. City of Rockland*, 2000 ME 184, ¶ 5, 760 A.2d 1054, 1056 ("The filing of the affidavits converted the City's motion to dismiss into a motion for a summary judgment.").

[¶ 8] Because the Association attached to its motion to dismiss an exhibit providing facts that were outside of the pleadings, we will treat its motion as one for a summary judgment. *See Beaucage*, 2000 ME 184, ¶ 5, 760 A.2d at 1056. We review the grant of a summary judgment for errors of law and independently examine the record to determine if a genuine issue of material fact exists. *White v. McTeague, Higbee, Case, Cohen, Whitney & Toker, P.A.*, 2002 ME 160, ¶ 6, 809 A.2d 622, 623.

### B. The Existence of an Attorney's Lien

[¶ 9] The question of law before us relates to the existence and enforceability of an attorney's lien in Maine. The summary judgment court concluded that there could be occasions in which the law will recognize a lien relationship that obligates an insurance carrier to hold the attorney's fee.[3] The court further concluded that

---

1. In his ex parte motion for prejudgment attachment and trustee process, Libner sought to recover "up to a $2700 value," an amount representing his estimate of his share of the proceeds.

2. In January 2003, the client consented to the entry of a judgment against her in the amount of $2538 and the court entered the judgment in favor of Libner.

3. In *Hobson v. Watson*, 34 Me. 20 (1852), we interpreted R.S. ch. 117, §§ 35–37 (1841), the predecessor of 14 M.R.S.A. § 5006 (2003), as a legislative determination that an attorney's lien exists. *Id.* at 22 ("The statute, chap. 117, sect. 37, recognizes the existence of a lien upon the judgment in favor of the attorney in the suit, for his fees and disbursements."). More recently, we assumed, in dictum, that an attorney could assert a lien to secure compensation for the fruits of his or her labor. *Northeast Bank of Lewiston & Auburn v. Murphy*, 512 A.2d 344, 349 (Me.1986).

"[i]n most if not all of these cases it would only apply when the attorney continues to represent the injured party at the time of settlement or payment of the claim." Libner argues that the court erred as a matter of law, and urges us to hold that a lien on proceeds exists regardless of the status of the attorney and client's continuing relationship.

■ [¶ 10] We need not reach Libner's argument because, assuming that attorney fee liens exist at common law or in equity in Maine and continue to exist after an attorney is discharged,[4] such a lien could not be imposed in the absence of timely, direct notice of the nature of the lien and its source to the carrier or fund. Here, Libner does not allege that he directly notified the Association of the existence of the lien.[5] He asserts that the Association should have been on notice as a result of his relationship with his client, his communications with the Association on behalf of that client, and the Association's receipt of a copy of a letter Libner sent to his client indicating that he had a right to recover his fees.

■ [¶ 11] Without deciding whether, and in what circumstance, an attorney may impose a lien against the fund of the opposing party or its carriers, we conclude that no lien may be imposed without direct and specific notice to the carrier or fund that a lien is asserted before the proceeds are disbursed. *See Sowder v. Sowder*, 127 N.M. 114, 977 P.2d 1034, 1038 (1999) (holding that "[i]f an attorney seeks to assert a lien, but does so only after distribution of the proceeds of the judgment, his notice, even if given to all appropriate parties, is too late and the lien is lost").[6]

---

4. Although several Maine statutes presuppose the existence of an attorney's lien, none create that lien. Title 14 M.R.S.A. § 2602-A (2003) assumes the existence of an attorney's lien. The statute, entitled "Attorneys' liens; allegedly stolen property" states:

> In any civil action in which the plaintiff or plaintiffs seek the restoration of or compensation for money or other personal property allegedly taken by theft by the defendant or defendants and in which trustee process is used with regard to such money or other personal property, the claim of the plaintiff or plaintiffs shall have priority over an attorney's lien for services performed or to be performed for the defendant or defendants.

*Id.* Similarly, Title 14 M.R.S.A. § 5006 recognizes the existence of an attorney's lien:

> Executions shall not thus be set off against each other, when the sum due on one of them has been lawfully and in good faith assigned to another person before the creditor in the other execution became entitled to the sum due thereon; nor when there are several creditors or debtors in one execution, and the sum due on the other is due to or from a part of them only; nor to so much of the first execution as is due to the attorney in the action for his fees and disbursements therein.

5. Any argument that Libner did not have a reasonable opportunity to present facts relevant to his legal argument is unavailing. In his response to the Association's motion, Libner did not provide any information relating to notice that created a genuine issue of material fact. In addition, at oral argument, his attorney conceded that Libner did not provide direct notice of his lien to the Association before it disbursed the settlement proceeds to his client. According to his attorney, the notice alleged by Libner consisted of a copy of a letter addressed to his client asserting a right to recover his fees; it was not direct, specific, and timely notice of a lien to the Association.

6. Some states recognize a "retaining lien," which may be self-effectuating and allows the attorney to retain the client's file at the point of discharge until the client has made an arrangement for payment of the attorney fees. *See, e.g., Marsh, Day & Calhoun v. Solomon*, 204 Conn. 639, 529 A.2d 702, 705–06 (1987). No such lien would be recognized in Maine. *See* M. Bar. R. 3.7(c)(1). Any Maine lien would be a charging lien only, and because we do not reach the ultimate issue, we do not distinguish between a postjudgment and prejudgment or settlement lien.

[¶ 12] Because Libner failed to provide any facts in support of a finding that he perfected his lien by providing the Association with direct and detailed written notice of his lien before the proceeds were distributed, we find no error in the Superior Court's entry of judgment in favor of the Association.

The entry is:

Judgment affirmed.