2007 ME 48

**Christopher L. HALCO**

v.

**Daniel G. DAVEY et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Feb. 27, 2007.

Decided: April 3, 2007.

Andrews Bruce Campbell, Campbell Law Offices, Waldoboro, for plaintiff.

Peter T. Marchesi, Wheeler & Arey, Waterville, for defendants.

Panel: CLIFFORD, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

LEVY, J.

[¶ 1] Christopher L. Halco appeals from the dismissal of his complaint against Daniel G. Davey, Anne Beebe–Center, and Knox County entered in the Superior Court (Knox County, *Wheeler, J.*). Halco argues that the court erred in concluding that he had failed to state a claim for breach of contract, false light invasion of privacy, defamation, intentional infliction of emotional distress, or punitive damages. Because we conclude that Halco's complaint states a claim for breach of contract, we vacate the dismissal of his breach of contract claim and remand for further proceedings. We affirm the dismissal of Halco's other claims.

## I. BACKGROUND

[¶ 2] Halco's complaint alleges the following facts. On June 10, 2003, Halco entered into a settlement agreement with, among others, Knox County Sheriff Daniel G. Davey, Knox County Commissioner Anne Beebe–Center, and Knox County whereby Halco agreed, in exchange for a monetary payment, to a release and dismissal of his sexual harassment and retaliation suit against Knox County pending in the United States District Court for the District of Maine. The settlement agreement contained a non-disclosure and non-disparagement clause that states:

> The parties agree that the terms of this settlement shall be held confidential and that no disclosure of the terms of the settlement, other than the fact of the settlement itself, shall be disclosed or disseminated to anyone who is not a party to this Release, except to the extent required by law. Further, the parties agree that neither shall disparage or discredit the other.

[¶ 3] After the settlement agreement was reached, Davey and Beebe–Center made statements, published in local newspapers, concerning the settlement. Halco alleges that Sheriff Davey made statements, as quoted or paraphrased in the newspapers, that: (1) he thought they "had a really good case," and "had beaten this guy all the way through"; (2) "the county had strong evidence to counter Halco's claims, and [Davey] wished the case could have progressed to trial"; (3) he "was very frustrated that he did not get a chance to fight the lawsuit in court. He ... felt the county had a strong case, but the risk pool did not want to spend the money to go through the court process"; (4) Davey "object[ed] to these pay-offs"; and (5) he believed that "this kind of settlement only promotes more lawsuits." Halco also alleges that Commissioner Beebe–Center said that she did not know the exact amount of the settlement, but "it wasn't very much."

[¶ 4] Halco filed a five-count complaint against Davey, Beebe–Center, and Knox

County asserting that the comments made by Davey and Beebe–Center regarding the settlement agreement with Halco gave rise to claims for: (1) breach of contract; (2) false light invasion of privacy; (3) defamation; (4) intentional infliction of emotional distress; and (5) punitive damages. In response to Halco's complaint, Davey, Beebe–Center, and Knox County filed a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) for failure to state a claim, as well as a motion for summary judgment pursuant to M.R. Civ. P. 56, asserting immunity under the Maine Tort Claims Act, 14 M.R.S. §§ 8101–8118 (2006).

[¶ 5] The Superior Court addressed only the motion to dismiss. In dismissing the breach of contract claim, the court concluded that both the "no disclosure of settlement terms" provision and the provision that "neither [party] shall disparage or discredit the other" were unambiguous. The court stated that the non-disclosure provision "simply means any contractual stipulation, specifically stated in a settlement agreement must be kept in confidence," (emphasis omitted) and concluded that the alleged statements did not disclose any settlement terms. The court further concluded that none of the statements disparaged or discredited Halco. The court also dismissed Halco's claims for false light invasion of privacy, defamation, intentional infliction of emotional distress, and punitive damages. This appeal followed.

## II. DISCUSSION

[¶ 6] When reviewing a trial court's dismissal of a complaint pursuant to M.R. Civ. P. 12(b)(6), we view the facts alleged in the complaint as if they were admitted, *Libner v. Maine County Commissioners' Ass'n*, 2004 ME 39, ¶ 7, 845 A.2d 570, 572, and then examine the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory," *In re Wage Payment Litigation*, 2000 ME 162, ¶ 3, 759 A.2d 217, 220. Dismissal is warranted only "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts" that might be proved in support of the claim. *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246.

[¶ 7] We address, in turn, (A) the alleged breach of contract by the disclosure of the contract's terms and by disparaging or discrediting statements; and (B) Halco's remaining claims for false light invasion of privacy, defamation, intentional infliction of emotional distress, and punitive damages.

### A. Breach of Contract

[¶ 8] Halco argues that the court erroneously concluded that Davey and Beebe–Center's statements did not violate either the settlement agreement's provisions regarding confidentiality or non-disparagement.

[¶ 9] When interpreting whether a contractual provision was breached, courts must first determine as a matter of law whether the provision is ambiguous. *See Reliance Nat'l Indem. v. Knowles Indus. Servs., Corp.*, 2005 ME 29, ¶ 24, 868 A.2d 220, 228. "A contractual provision is ambiguous if it is reasonably possible to give that provision at least two different meanings." *Id.* (quotation marks omitted). Construction of an ambiguous contract is a question of fact for the fact-finder. *Id.* Interpretation of an unambiguous provision is a question of law, and "the provision is given its plain, ordinary, and generally accepted meaning." *Id.* (quotation marks omitted).

■ [¶ 10] The court properly concluded that the settlement provision prohibiting disclosure of settlement "terms" is unambiguous because it is not reasonably possible to give settlement "terms" at least two different meanings. *See id.* The pertinent dictionary definition of the word "term" is a "stipulation or condition that defines the nature and limits of an agreement." WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY 1194 (1984). Under this definition, the plain meaning of a "term" is specific language in a contract that defines an agreement's "nature and limits."

■ [¶ 11] Viewing the complaint in the light most favorable to Halco, the complaint states a claim for a breach of the contract's prohibition on the disclosure of the agreement's "terms." Davey's description of the settlement as a "payoff" and Beebe–Center's statement that the settlement "wasn't very much" reveal the agreement's "nature," as a payment of money in exchange for the dismissal of the pending lawsuit, and suggest the "limits" of that payment by characterizing it as not being, in the opinion of the county official, a large amount. Viewed in the light most favorable to Halco, his complaint alleges statements that may constitute a breach of the settlement agreement's prohibition of the disclosure of the terms of the settlement. *See Mackey v. Cannon,* 996 P.2d 1081 (Utah Ct.App.2000) (finding cause of action stated for violation of agreement's non-disclosure clause by defendant's statements that the plaintiff could choose to waive the non-disclosure clause and that the plaintiff's claim lacked merit).

■ [¶ 12] The court also properly concluded as a matter of law that the parties' agreement not to "disparage or discredit" each other was unambiguous. The plain and ordinary meanings of the words "disparage or discredit" require a specific attack on a person's reputation or credibility. The dictionary definition of disparage is: "1. To speak of in a belittling way: DECRY. 2. To reduce in rank or esteem." WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY 387 (1984). The relevant dictionary definition of discredit is: "1. To damage the reputation of: DISGRACE. 2. To cause to be distrusted or doubted." *Id.* at 384. The statements that the settlement was a "payoff" that "only promotes more lawsuits" and that the defendants "had beaten this guy the whole way through," when viewed in the light most favorable to Halco, could establish injury to his reputation because the statements can be understood as suggesting that his claim was frivolous.

[¶ 13] The court erred as a matter of law in concluding that the complaint does not state a claim for the breach of the settlement agreement's non-disclosure and non-disparagement provisions. This is true even though it may ultimately be determined, through summary judgment or trial, that even if the statements constitute a breach of the contract's confidentiality provision or non-disparagement provisions, the breach is immaterial. *See Waterville Indus., Inc. v. Fin. Auth. of Me.,* 2000 ME 138, ¶ 28, 758 A.2d 986, 993–94 (treating the materiality of a contractual breach as a question of fact).

B. False Light Invasion of Privacy, Defamation, Intentional Infliction of Emotional Distress, and Punitive Damages

■ [¶ 14] The rest of Halco's claims were properly dismissed. Because all of Davey's alleged statements were statements of opinion, they neither establish a claim for false light invasion of privacy, *see Veilleux v. National Broadcasting Co.,* 206 F.3d 92, 134 (1st Cir.2000), nor defamation, *see Lester v. Powers,* 596 A.2d 65, 69 (Me.1991). Because Beebe–Center's

statement did not involve a major misrepresentation of Halco's character, history, activities or beliefs, or refer to Halco's reputation, the complaint also fails to establish claims for false light invasion of privacy, *see Dempsey v. National Enquirer, Inc.*, 687 F.Supp. 692, 694 (D.Me.1988), or defamation, *see Bakal v. Weare*, 583 A.2d 1028, 1029 (Me.1990). In addition, Halco's claim for intentional infliction of emotional distress fails to plead facts that, as a matter of law, exceed all possible bounds of decency in a civilized community. *See Curtis v. Porter*, 2001 ME 158, ¶ 10, 784 A.2d 18, 22. Finally, because no cause of action remains except for Halco's breach of contract claim, Halco's claim for punitive damages was also properly dismissed. *See Stull v. First Am. Title Ins. Co.*, 2000 ME 21, ¶ 17, 745 A.2d 975, 981

(stating that "[n]o matter how egregious the breach, punitive damages are unavailable under Maine law for breach of contract") (alteration in original) (quotation marks omitted).[1]

The entry is:

The dismissal of Halco's breach of contract claim is vacated and remanded for further proceedings. The dismissal of the claims for false light invasion of privacy, defamation, intentional infliction of emotional distress, and punitive damages are affirmed.

1. Because we vacate the dismissal of Halco's breach of contract claim, we do not address his contention that the Superior Court should have granted him leave to amend the complaint upon dismissal. Furthermore, we do not address the defendants' summary judgment motion because the motion was not decided by the Superior Court.