STATE OF MAINE
PENOBSCOT, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-2007-58

THREE RIVERS DEVELOPMENT CORP.,
     Plaintiff

v.

WIDEWATERS STILLWATER
COMPANY, LLC., et al.,
     Defendant

**ORDER**

v.

KEYBANK NATIONAL ASSOCIATION,
     Party-in-Interest

FILED & ENTERED
SUPERIOR COURT

MAR 1 3 2008

PENOBSCOT COUNTY

Pending before the Court is Defendant, Widewaters Stillwater Company's, Motion to Dismiss Count II of Plaintiff's Complaint (Title to Real Estate Involved), alleging slander of title. For the reasons stated below, this motion is DENIED.

## Background Facts

The facts relevant to this motion to dismiss as set forth in the Complaint are as follows. On March 5, 2001, Plaintiff, a Maine corporation, purchased Lot B, a parcel of land in Bangor, from Defendant, a New York limited liability company doing business and owning real property in Bangor. The deed for the property describes three easements: an access easement, a utility easement, and a drainage easement. The deed is also subject to a certain set of "easements with covenants and restrictions" (ECR). The ECR was for the benefit of Wal-Mart, who was planning on opening a retail operation abutting Plaintiff's property. It now appears that the proposed Wal-Mart development will not occur. Plaintiff alleges the ECR creates a cloud on its title to Lot B, and that it has made demands on Defendant to execute and record instruments to remove the ECR. The Defendant has not responded to these demands.

1

## Procedural Background

Plaintiff filed a three-count complaint on May 23, 2007. Count I requests that the ECR be declared null and void. Count II is for slander of title. Count III is a request for declaratory judgment concerning the deeded access easement.

On July 25, 2007, Defendant filed its Motion to Dismiss Count II of the Complaint for failure to state a claim. Defendant alleges that special damages is an element of the tort of slander of title; M.R. Civ. P. 9(g) requires special damages to be pled with specificity; Plaintiff has not claimed any special damage in its complaint and has failed to meet the requirements of Rule 9(g); therefore, Count II of Plaintiff's Complaint should be dismissed for failure to state a claim.

Plaintiff filed its Opposition to Defendant's Motion to Dismiss on August 10, 2007. It argues that the slander of title can be pled through alleging actual damages, and that its complaint sufficiently pleads those damages. Defendant filed its Reply to Plaintiff's Opposition on August 14, 2007.

## Standard of Review

On a motion to dismiss, facts are not adjudicated, but rather there is an evaluation of the allegations in the complaint in relation to any cause of action that may reasonably be inferred from the complaint. The court considers the facts stated in the complaint as if they were admitted. *Libner v. Me. County Comm'rs Ass'n*, 2004 ME 39, ¶ 7, 845 A.2d 570, 572; *Napieralski v. Unity Church of Greater Portland*, 2002 ME 108, ¶ 4, 802 A.2d 391, 392. Evaluating the complaint in the light most favorable to the plaintiff, the court determines whether the complaint "sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *In re Wage*

*Payment Litig.*, 2000 ME 162, ¶ 3, 759 A.2d 217, 220. "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246.

## Discussion

The Law Court first set forth the elements of the tort of slander of title in *Colquhoun v. Webber*, 684 A.2d 405 (Me. 1996). The Law Court stated that a claimant must prove the following to prove slander of title: "1). there was a publication of a slanderous statement disparaging claimant's title; 2). the statement was false; 3). the statement was made with malice or made with reckless disregard of its falsity; and 4). the statement caused actual or special damages." *Id.* at 409. Defendant argues that a complaint alleging slander of title must conform to M.R. Civ. P. 9(g), Special Damages, which requires that special damages be "specifically stated."

Plaintiff suggests that according to *Colquhoun*, actual *or* special damages can be pled and argues that it has sufficiently alleged actual damages in its Complaint. In Count II at Paragraph 29, Plaintiff states that Defendant has "maintained a cloud on Plaintiff's title to its real property...[and] through refusing to clear said cloud...Defendant...has committed a slander of Plaintiff's title to land." At Paragraph 30 of the Complaint, Plaintiff states that as a result of this cloud and its non-removal, Plaintiff "has suffered damage on account of Defendant Widewaters Stillwater Company, LLC slander of its title to real property."

Although the *Colquhoun* decisions states element four as actual or special damages, Defendant argues that only special damages pertain to slander of title claim.

For support of its argument, Defendant points out that the cases cited in *Colquhoun* speak only of "special damages." Additionally, the *Colquhoun* decision describes damages in a section entitled "special damages." These points go to what a plaintiff must prove to recover on its claim, not what a plaintiff must plead to survive a motion to dismiss.

Since *Colquhoun*, the Law Court has only twice restated the elements of a slander of title claim. In *Raymond v. Lyden*, 1999 ME 59, ¶ 6, n. 6, 728 A.2d 124, 126, the Court stated the fourth element as "caused special or actual damages." In *Pettee v. Young*, 2001 ME 156, ¶ 20, 783 A.2d 637, 642, the fourth element was stated as "[a] statement [that] caused actual damage." Neither case discussed whether element four needs to be specifically pled to comport with Rule 9(g), or whether an allegation of actual damages, alone, is sufficient when pleading a claim of slander of title.

The Superior Court, post-*Colquhoun*, appears to use the term actual damages and special damages interchangeably. While these decisions do not analyze the difference between the two damages, they do provide some insight into what a slander of title complaint should contain in terms of damages in order to survive a motion to dismiss.

Looking at these cases chronologically, the discussion begins with *Navarra v. Lakeview Improvement Soc'y*, 2004 Me. Super. LEXIS 127, which involved a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6). In discussing the slander of title claim, the court stated that the complaint asserted that "the statements have caused [Plaintiff] actual damages...Specifically, Plaintiffs assert that the statements have created a cloud on their title to the Property, that they are unable to sell the Property at full market value with the cloud on their title, and that they have been forced to take this legal action to clear the

title on the Property." *Id.* at 11. The court found this sufficient to survive the defendant's motion to dismiss.

The complaint in *Oak Hill Realty Trust v. Reed*, 2005 Me. Super. LEXIS 75, was silent on damages. Still, the court denied the motion to dismiss. The court found that alleging that "[defendant] maliciously placed [a] cloud on [plaintiff's] title" was all that the complaint required, at the bare minimum, to assert a claim of slander of title. *Id.* at 8. The court reasoned that "Although the Complaint is silent on damages, the Court can infer that because of the cloud on their title, [Plaintiff's] are unable to sell the Property at full value." *Id.*

More recently, in *Graves v. Webber*, 2007 Me. Super. LEXIS 16, 4, the court found a complaint alleging "damages, including reduced property values and legal fees" alleged the minimum required to state a cause of action for slander of title, and the motion to dismiss was denied.

In a case not involving a motion to dismiss, *Oak Ridge Builders v. Howland*, 2006 Me. Super. LEXIS 215, the court found that a tort claim of slander of title failed for want of proven damages. Specifically, the court found that the plaintiffs "ha[d] not proven that they sustained actual damages." *Id.* at 37, n. 12.

These cases discuss damages in a slander of title claim using the term actual damages *and* special damages. These cases also show that a court will not dismiss a complaint when its only deficiency is failure to plead damages specifically according to M.R. Civ. R. 9(g). Alleging a cloud to title appears sufficient to satisfy element four, at least at the motion to dismiss stage.

5

As the court in *Oak Hill Realty* inferred, a cloud to title can impact an owner's ability to sell property, or the price received for a sale of property. An impairment of vendibility, which is usually demonstrated by proof of a lost sale, is one way to prove damages. *Colquhoun*, 684 A.2d at 410. In the absence of an impairment of vendibility, damages in a slander for title claim can be proven through "litigation expenses incurred in removing the effects of the slander." *Id.*

Here, Plaintiff has not claimed a lost sale, however, it has alleged in paragraph 18, that the presence of the ECR "constitutes clouds on its title to real property, substantially impacting the salability and value of said real estate." It also alleges that it has made demands on Defendant to remove the cloud, which Defendant has not done. Complaint ¶ 19. Plaintiff's only recourse to remove the cloud of title was litigation, from which attorney's fees and expenses will be generated. These expenses, although not specifically stated in the Complaint as special damages, can be inferred because the parties are in the midst of this present litigation.

This Court could not find any cases in which a motion to dismiss was granted when the only deficiency in a complaint was that special damages where not pled with specificity, nor could it find any cases discussing what complaints must contain when special damages are part of a claim. There are, however, cases that address the particularity requirement when pleading fraud. M.R. Civ. P. 9(b). In *State v. Petit*, 1997 Me. Super. LEXIS 258, 6, the court stated that one of the purposes of the particularity requirement of Rule 9(b) was to place defendants on notice and enable them to prepare a meaningful response. A complaint sufficiently pleads fraud if "it identifies the circumstances of the fraud and the circumstances are clearly described." *Id.*

Paragraphs 18 and 19 and paragraphs 29 and 30 of Plaintiff's Complaint identify the circumstances causing Plaintiff damage, and the circumstances are clearly described. The Complaint clearly states that the salability and value to the real estate has been impacted from the cloud to title, the ECR. The Defendant has not removed the ECR, and has slandered Plaintiff's title, causing Plaintiff to suffer damages. This is sufficient to put Defendant on notice of the title to slander claim.

When viewing the Complaint in Plaintiff's favor, Plaintiff has alleged facts that if true, would entitle it to relief in a slander of title claim. Based on the Superior Court cases cited here, Plaintiff has adequately pled the elements of a slander of title claim.

The entry shall be:

Defendant's Motion to Dismiss Count II is DENIED.

At the direction of the Court, this order shall be incorporated into the docket by reference. Rule 79(a).

DATE: March 13, 2008

JUSTICE, SUPERIOR COURT
M. Michaela Murphy

7

THREE RIVERS DEVELOPMENT CORP VS WIDEWATERS STILLWATER COMPANY LLC ET AL
UTN:AOCSsr  -2007-0056936                    CASE #:BANSC-RE-2007-00058
------------------------------------------------------------------------
THREE RIVERS DEVELOPMENT CORP                               PL
ATTY CLIFFORD, JOHN D.  IV

ATTY CLIFFORD, JOHN D.  V


WIDEWATERS STILLWATER COMPANY LLC                           DEF
ATTY PIERCE, ROY


WAL MART REAL ESTATE BUSINESS TRUST-DISMISSED              DEF
ATTY BOSSE, MICHAEL
AT


M=More, Space = Exit:M

Select the EXIT KEY for page selection line.