STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss                            DOCKET NO. AUGSC
                                        CV- 08-0117
                                        *KM'C    KEN- 12*


STEPHEN PIASCIK
     Plaintiff


        v.


DONALD H. MARDEN
     Defendant


        Defendant has filed a Motion to Dismiss Plaintiff's
Complaint pursuant to Rule 12(b)(6) of the Maine Rules of
Civil Procedure.  That rule provides that the Defendant may
assert by Motion that the Complaint fails to state a claim
upon which relief can be granted.

                         Complaint

        The Complaint is self identified as "Complaint
alleging Obstruction of Justice in connection with the
altering of Court Documents."  The complaint alleges the
facts, which are stated in summary fashion.  This Court has
made observations in footnotes where the allegations seem
inconsistent with the material in the respective court
files.
Mr. Piascik alleges as follows:
1. Mr. Piascik filed suit against Lambert in Kennebec
Superior Court.
2.  A docket number was assigned (03-244) to that case and
a notice was given that the docket number had to appear on
all filings.
3.  A counterclaim was filed in 03-244, dated October 8 and
filed October 10, 2003, by the opposing party/Lambert and
given docket number 03-244[1].

_____

[1] A review of the file associated with docket number 03-244
does not reveal a counterclaim dated October 8 and filed
October 10, 2003.  A review of the file with Docket No. 03-

                            1

4. Defendant obstructed justice and altered documents by altering the docket number in the claim filed by Lambert.[2]

5. After the matter was de-coupled, the two cases consolidated under Plaintiff's docket number 03-244. Plaintiff was advised by his counsel that he would have to file a motion for reconsideration.[3]

6. On November 20, 2003, Plaintiff's counsel filed two motions to re-consolidate with two proposed orders.[4] This was done for the convenience of the parties and witnesses and reduction of costs and delay.

7. On December 1, 2003, Lambert's counsel submitted a substitute order to replace the one submitted by Plaintiff's attorney on November 20, 2003.

8. Defendant knew that Lambert's proposed order, as submitted, sought to subordinate Plaintiff's claim to a counterclaim and thereby sought to get around the fact that Lambert's counsel had filed his claim under Plaintiff's docket number prior to being altered by the defendant.

9. On December 3, 2003, Defendant executed the order submitted by Lambert's counsel, without Plaintiff's counsel knowing that defendant was seeking to subordinate Plaintiff's claim.

10. The secret subordination of Plaintiff's claim distorting who had initiated the action took place because Defendant 'de-coupled' the two cases by assigning different docket numbers to them, creating the need to consolidate them. [5]

---

29 reveals a complaint dated October 8 and filed October 10, 2003 on behalf of Mr. Lambert against Mr. Piascik.

[2] Docket Number 03-29 was assigned to the claim filed by Lambert by the Clerk (See Rule 53 M.R.Crim.P.) A review of that file shows that thereafter it was Justice Studstrup who issued a scheduling Order on November 18, 2003, on that file. In 03-29 counsel for Piascik filed a Motion to Consolidate on November 20 2003, asking that the two cases be consolidated. Under Docket No. 03-29 the Motion was granted Ordering consolidation of 03-29 and 03-244 by Justice Marden. Two orders were signed by him the same day.

[3] Plaintiff 'mischaracterizes' what the docket in 03-29 reflects. That docket reflects that both cases were 'consolidated' or joined, not de-coupled or separated!

[4] The Judge's Order of December 3rd in 03-29 grants the Motion for Consolidation or coupling as Plaintiff uses the terms.

[5] Rule 53, M.R.Crim.P. provides that it is the Clerk who assigns docket numbers to files.

2

11.  Counsel for Lambert admitted on December 15, 2003, that Plaintiff had initiated this action.

12.  Counsel for Lambert in deposition testimony on April 27, 2004, made a false statement asserting Lambert had initiated this action, which statement was false and in violation of Maine Bar Rule 3.7(b).

13.  Counsel for Lambert stated in support of the false statement:"He's the plaintiff and you're the defendant."

14  That the statement by Lambert's counsel could not have been made but for the Defendant 'de-coupling' Lambert's action from Plaintiff's action and then executing the order subordinating Plaintiff's action.

15.  Plaintiff will prove beyond a reasonable doubt that Defendant altered the claim filed by Lambert's attorney, which was not within his judicial prerogative but only to give the impression that the opposing party initiated this action.

## The legal standard

When evaluating a defense of failure to state a claim upon which relief can be granted the Law Court guides us to accept the facts alleged in the complaint as if they were admitted, *Libner v. Maine County Commissioner's Ass'n*, 2004 ME 39, P7, 845 A.2d 570, 572, and then examine the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory," *In re Wage Payment Litigation*, 2000 ME 162, P3, 759 A.2d 217, 220. Dismissal is warranted only "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts" that might be proved in support of the claim. *Johanson v. Dunnington*, 2001 ME 169, P5, 785 A.2d 1244, 1246. *Halco v. Davey*, 2007 ME 48, ¶6, 919 A.2d 626

As the Court distills Mr. Piascik's allegations to their basics in terms of accepting the allegations as admitted for this motion, it appears Mr. Piascik's claim is as follows.  He filed a civil suit against Lambert, which was given docket number 03-244.  Lambert filed a separate civil suit, which was given docket number 03-29.  Piascik's counsel filed a Motion to Consolidate.  Lambert's attorney filed a proposed Order, which was signed by Justice Marden on December 3, 2003, which redefines the position of the parties in the consolidated litigation.  In addition, on the same date another order was signed by Justice Marden, which confirms the consolidation and nothing more.  As a

3

result of signing the consolidation order drafted by Lambert's counsel, this caused the Piascik suit to be merged into the Lambert suit with the Lambert docket number surviving and Lambert being identified as Plaintiff/Counterclaim Defendant in the suit to be first identified in the caption and Mr. Piascik being identified as Defendant/ Counterclaim Plaintiff. In what was then identified as the second suit in the consolidation order, Mr. Piascik was identified as Counterclaim Plaintiff/Defendant and Lambert being identified as Counterclaim Defendant/Plaintiff. Mr. Piascik alleges that by signing this proposed order, Defendant Marden subordinated Piascik's claim to that of Lambert by implying that Lambert's claim was filed first. Although allegations of misconduct are made against Lambert's attorney in the Piascik complaint before this Court, the only Defendant is Marden.

The Court notes that in the contents of the Court's file on docket number 03-244, Mr. Piascik's attorney filed a Motion to amend the consolidation order under date of December 11, 2003, raising for the Court the confusion that was going to be caused by consolidation orders of December 3, 2003, and in particular the one drafted by Lambert's counsel. By Defendant's reply to "Plaintiff's in opposition to amend order for consolidating", Mr. Piascik's counsel again highlighted the difficulties that the order drafted by Lambert's counsel and signed by Justice Marden would cause in administering this case with a change in the identity of the parties. In docket number 03-244, Justice Studstrup (to whom this case was assigned) wrote "after consideration" the motion to amend the consolidation order was denied.

Besides review of the Motion to Dismiss and attachments, the Court has received and reviewed submissions from Mr. Piascik in opposition to Defendant's Motion

Discussion

Accepting the allegations in the complaint as having been admitted for the purpose of evaluating this Motion to Dismiss, Plaintiff Piascik alleges what he identifies as a criminal cause of action against Defendant Marden. There is no prayer for civil relief in the form of damages or other equitable relief. Therefore the question is whether accepting the facts as alleged, there is any theory on

4

which the Plaintiff can recover. In Maine, a private citizen may file a criminal complaint as long as all of the statutory requirements are met. The Law Court stated in *State v. Ward*, 267 A.2d 917, 919 (Me. 1970), "The registration of a complaint against anyone for an alleged statutory violation is the right of any person." This being said, compliance with the statutory requirements for a complaint is still required and the District Attorney or the Attorney General pursuant to 15 M.R.S. § 708 must approve the criminal complaint for prosecution. There is no factual allegation in the complaint as filed in this matter which is now before the Court, to that effect and absent such an allegation, the complaint fails to state a claim for criminal relief since absent approval as required a complaint can not be filed by a citizen.

With respect to civil relief, the thrust of the complaint is that the Court, through Defendant Marden, improperly signed the order proposed by Lambert's attorney for consolidation. There is no question but that both Mr. Piascik and Mr. Lambert wanted to have their matters consolidated. That prompted the filing of the Motion by Mr. Piascik's attorney seeking an order pursuant to Rule 7(b) M.R.Civ.P. The problem arises from Mr. Piascik's perspective, as a result of Justice Marden signing the Order as drafted by Lambert's counsel, which re-cast the status of the parties in the underlying action. It needs to be noted that the authority of the Superior Court is defined by Statute at 4 M.R.S.A. § 105 and 114. The Civil Rules further define that authority. They are adopted by the Supreme Judicial Court and govern procedure in the Superior Court. See Rule 1 M.R.Civ.P. These rules authorize Justices to issue orders in response to motions filed consistent with these rules such as Motions to Dismiss (Rule 12(b)(6) M.R.Civ.P.) or Motions to Consolidate (See Rule 7(b)). If a Judge/Justice is acting within the scope of his authority, he is immune from suit. Immunity of judicial officers from civil suits is explicit in Maine law. In *Richards v. Ellis,* 233 A.2d 37, 38-39 (Me. 1967), the Law Court stated, "The absolute immunity of a judge from civil suits for damages arising from his judicial acts is well settled." In a more recent case, *Snyder v. Gorman*, 1996 Me. Super. LEXIS 31 (Me. Super. Ct. 1996), also brought by a pro se litigant, a father dissatisfied with the outcome of his custody dispute brought an action against Justices Gorman and Wheeler. In that case the Superior Court dismissed the complaint based on judicial immunity and went so far as to issue an

5

injunction against the plaintiff, from filing more claims against the Justices.

In this instance, there is no question but that Justice Marden in signing the consolidation orders on December 3, 2003, was acting within the scope of his authority and discharging his responsibility as a Superior Court Justice in furthering the administration and consolidation of cases before him pursuant to both statute and Court Rule. As such, and in the context of judicial immunity discussed above, there is no theory of civil liability, taking the pleaded facts as admitted, which would entitle Mr. Piascik to relief in this matter. Accordingly, taking the facts alleged by Mr. Piascik as admitted, the facts alleged do not support any theory of recovery or relief either criminally or civilly.

For all of the above reasons, the Motion to Dismiss this Complaint by the Defendant for failure to state a claim upon which relief can be granted, either criminally or civilly, is hereby GRANTED. Plaintiffs claim is hereby dismissed.

December 31, 2008

Kevin M. Cuddy
Justice, Superior Court

6