STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-0127

JAKE WATERMAN,

Plaintiff

ORDER

v.

PAUL WHITE TITLE CO.,

Defendant

Before the court is defendant Paul White Title Company's motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), Plaintiff's request for default judgment and attempt to add additional causes of action, and Defendant's request for sanctions. For the following reasons, the Defendant's Motion to Dismiss is granted. All other requests and motions are hereby denied.

FACTUAL BACKGROUND

The facts underlying this lawsuit and the relationship between the parties is ambiguous. However, it is clear that the Plaintiff, Jake Waterman, was formerly employed by the Defendant, Paul White Title Company. (Pl.'s Comp. pg 6). It is unclear as to when this employment began or was terminated.

PROCEDURAL HISTORY

The Plaintiff filed this pro se lawsuit on March 13, 2020, alleging "Unlawful Seizure Of Allodial Property. Quantum Meruit (remedy)." Defendant filed a timely Motion to Dismiss pursuant to M. R. Civ. P. 12(b)(6) on April 2, 2020 and asked that sanctions in the form of attorney's fees be imposed upon the Defendant. Although it is unclear in what order and fashion such took place, the Plaintiff proceeded to file additional documents alleging various actions on behalf of the Defendant. In and among these filings the Defendant made a vague request for default

| Pro Se Plaintiff | 1 | For Defendant: Robert Kline, Esq. |

judgment and seemingly attempted to amend his original complaint to add additional causes of action. (*See e.g.* Pl.'s Motions "Defendant's Motion is Vacated By the Court An [sic] Additional Claim Of Trespassed Rights Against Claimant's 4th and 5th Amendment," "Writ certificate of Default Judgement & Ancillary Garnishment To Recover Unlawfully seized Private Allodial Property" and "Claim For: 'Unlawful Altering of Claimant's Court Venue And Name Status"). On May 26, 2020, the Defendant filed its opposition to the Plaintiff's request for default judgment and on July 6, 2020 filed an Objection To Plaintiff's Claims for Injuries in regards to the Plaintiff's additional filings and renewed its request for sanctions.

Standard of Review

On a motion to dismiss pursuant to M. R. Civ. P. 12(b)(6), the allegations in the Plaintiff's complaint are evaluated to determine if there is "any cause of action that may reasonably be inferred from the complaint." *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 860. The reviewing court examines the case in the light most favorable to the Plaintiff and considers the "facts alleged in the complaint as if they were admitted." *Nadeau v. Frydrych*, 201 ME 154 ¶ 5, 108 A.3d 125 (*per curiam*) (quotation marks omitted). A complaint must set forth the "elements of a cause of action or allege[] facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* "Dismissal is warranted only when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that might be proved in support of the claim." *Halco v. Davey*, 2007 ME 48, ¶ 6, 919 A.2d 626 (quotation marks omitted).

1. Discussion

   a. Defendant's Motion To Dismiss

The Plaintiff's entire complaint is premised on the theory that taxation is illegal. Pursuant to this theory, the Plaintiff argues that the Defendant acted as an agent for the government when it

2

withheld taxes from the Plaintiff's paycheck. The Plaintiff argues that this alleged agency renders the Defendant liable for the amount of taxes withheld and for other ill-defined "damages." Because the Plaintiff's complaint is based entirely upon this theory, the Defendant's Motion to Dismiss can be resolved on this issue.

Congress has the power "to lay and collect taxes on incomes, *from whatever source derived*[.]" U.S. Const. amend. XVI. Since the ratification of the Sixteenth Amendment, the United States Supreme Court has routinely held that income taxes are a lawful exercise of governmental authority. *See e.g. James v. United States*, 366 U.S. 213 (1961); *United States v Sullivan*, 274 U.S.259 (1927); *Brushaber v. Union Pacific Railroad Co.*, 240 U.S. 1 (1916).

Here, the Plaintiff has not pled any facts that would entitle him to federal tax exemption. As such, there are no set of facts the Plaintiff has or could present that would entitle him to relief. Therefore, because the Plaintiff's Complaint is based solely upon the false notion that income taxation is illegal, the Plaintiff has failed to plead any legally cognizable cause of action upon which relief could be granted.

The Defendant's Motion to Dismiss is granted.

b. Plaintiff's Motion For Default Judgment

Because the Defendant filed a timely Motion to Dismiss in this case, the Plaintiff's request for default judgment is hereby denied.

c. Plaintiff's Attempt To Add Additional Causes of Action

A party may amend its pleadings as a matter of course before a responsive pleading is served. Me. R. Civ. P. 15. Otherwise, a party may only amend its pleadings by leave of the court or written consent of the adverse party. *See id.*

3

Here, the Plaintiff made attempts to amend his original complaint after the Defendant filed a timely motion to dismiss. The Plaintiff did not obtain the Court's permission nor consent of the Defendant to amend its original complaint. As such, the Court is not bound to consider any amendment made to his original complaint.

### d. Sanctions

The Court has the authority to sanction parties to a lawsuit for abuse of the litigating process. *Cimenian v. Lumb*, 2008 ME 107 ¶ 11, 915 A.2d 817.

Here, the Court has not been presented with any facts other than what is contained in the record to support Defendant's request for sanctions. As such, the Defendant's request for sanctions is denied.

### 2. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is Granted and the Plaintiff's request for default judgement and Defendant's request for sanctions are denied.

The entry is

> Defendant Paul G. White Interior Solutions Co. motion to Dismiss
> is Granted. Plaintiff's request for default judgment is DENIED.
> Defendant's request for sanctions is DENIED.

Date: 8/25/2020

MaryGay Kennedy
Justice, Superior Court