STATE OF MAINE                                    SUPERIOR COURT
YORK, SS.                                         CIVIL ACTION
                                                  DOCKET NO. CV-16-186

BRUCE VOYER,

        Plaintiff,

v.

BLUE CURRENT BREWERY, LLC.,
and ROBERT FORD,

        Defendants.

## I.     Background

Plaintiff Bruce Voyer brings this action seeking to recover compensation for services he provided to Defendants Blue Current Brewery, LLC ("BCB") and Robert Ford, BCB's owner. The complaint alleges (1) violations of 26 M.R.S. §§ 626, 629, 664; (2) breach of contract; (3) unjust enrichment; (4) quantam meruit; and (5) promissory estoppel. BCB answered the complaint, but Mr. Ford filed a motion to dismiss the complaint as against him in his individual capacity pursuant to M.R. Civ. P. 12(b)(6) and for sanctions pursuant to M.R. Civ. P. 11. Mr. Ford's motion argues the complaint fails to state a claim against him personally because the LLC structure protects him from personal liability. Further, he seeks sanctions because, in his words, counsel "should know there are no wage act claims against individuals in the State of Maine[,]" and because he believes certain averments in the complaint violated M.R. Evid. 408.

### a.    Facts[1]

Mr. Ford is the owner and founder of BCB. (Compl. ¶ 2.) On behalf of BCB, Mr. Ford asked Mr. Voyer to help him at the brewery. (Compl. ¶ 8.) The two agreed that in exchange for

---

[1] For the purposes of a 12(b)(6) motion to dismiss the court accepts the facts averred in the complaint as true. *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 8, 843 A.2d 43.

1

his work for the brewery Mr. Voyer would receive a five-percent interest in the company, a salary of $100,000 per year, and compensation for any construction work he performed. (*Id.*) In spring of 2015, Mr. Voyer realized Mr. Ford was not going to follow through with the agreement. (Compl. ¶ 11.) Mr. Ford refused to pay Mr. Voyer the amount he requested, and instead BCB tendered Mr. Voyer a check for $2,4000 as compensation for 320 hours of work. (Compl.¶¶ 13-14.) Mr. Voyer was insulted and did not cash the check. (Compl. ¶ 14.) On March 18, 2016, he made a written demand for payment, but BCB and Mr. Ford have not complied with it or made any further payment to Mr. Voyer. (Compl.¶¶ 16-17, 20.)

## II. Discussion

### a. Motion to Dismiss

"Dismissal of a civil action is proper when the complaint fails 'to state a claim upon which relief can be granted.'" *Bean v. Cummings*, 2008 ME 18, ¶ 7, 939 A.2d 676 (quoting M.R. Civ. P. 12(b)(6)). "[O]nly the facts alleged in the complaint may be considered on a motion to dismiss and must be assumed as true." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 8, 843 A.2d 43. A Rule 12(b)(6) motion "tests the legal sufficiency of the complaint." *Hamilton v. Greenleaf*, 677 A.2d 525, 527 (Me. 1996).

"Maine is a notice pleading state, and only 'requires a short and plain statement of the claim [in the complaint] to provide fair notice of the cause of action.'" *Johnston v. Me. Energy Recovery Co., LP*, 2010 ME 52, ¶ 16, 997 A.2d 741 (quoting *Town of Stonington v. Galilean Gospel Temple*, 1999 ME 2, ¶ 14, 722 A.2d 1269) (internal quotations omitted). Mr. Ford challenges whether Mr. Voyer has met his burden of pleading such that claims may be brought against him as an individual. Mr. Voyer argues that a plaintiff need not plead piercing the corporate veil in a complaint against an individual member of a corporation. For the reasons

2

discussed below, the court disagrees with plaintiff and grants the motion to dismiss without prejudice.

### b. Personal Liability

"As a matter of public policy, 'corporations are separate legal entities with limited liability.'" *Johnson v. Exclusive Props. Unlimited*, 1998 ME 244, ¶ 5, 720 A.2d 568 (quoting *Theberge v. Darbro Inc.*, 684 A.2d 1298, 1301 (Me. 1996)). The court will "disregard the legal entity of a corporation . . . with caution and only when necessary in the interest of justice." *Bonnar-Vawter, Inc. v. Johnson*, 157 Me. 380, 387 (Me. 1961). When the court disregards the legal structure of a corporation it is referred to as piercing the corporate veil.

"[A] court may pierce the corporate veil when equity so demands, and may disregard the corporate entity 'when used to cover fraud or illegality, or to justify a wrong.'" *Johnson*, 1998 ME 244, ¶ 5, 720 A.2d 568 (quoting *Anderson v. Kennebec River Pulp & Paper Co.*, 433 A.2d 752, 756 n.5 (Me. 1981)). In Maine, fraud or illegality is not required to pierce the corporate veil. *Id.* ¶ 8. A plaintiff seeking to pierce the corporate veil must demonstrate that "(1) the defendant abused the privilege of a separate corporate identity; and (2) an unjust or inequitable result would occur if the court recognized the separate corporate existence." *Id.* ¶ 6.

Plaintiff relies on a Superior Court decision in *Dineen v. Ward* to support its position that a party seeking to recover against an individual for his or her actions on behalf of a corporation does not need to plead facts (or elements) that would entitle plaintiff to pierce the veil. No. CV-04-067, 2005 Me. Super. LEXIS 60 (Mar. 14, 2005). As in this case, Ward filed a motion to dismiss the complaint as against him individually. Dineen then filed a motion to amend his complaint to allege facts that would support piercing the veil[2] in response to Ward's motion to

---

[2] Those facts included as follows: "that [the defendant] held himself out as doing business as [the corporation], that he did not advise [plaintiff] that [the corporation] was a corporation, that the

3

dismiss. *Id.* at 10. The court considered and granted the motion to amend before it addressed the motion to dismiss. *Id.* at 11. In turning to the motion to dismiss, the court found that Maine does not require a plaintiff to specifically plead the elements necessary to pierce the corporate veil in his or her complaint and denied Ward's motion to dismiss as to both Dineen's original and amended complaints. *Id.* at 13-14. However, the Superior Court appears to be a split on this issue.

In *Blue Star Corp. v. Ckf Props., LLC* the court stated, "While it may not be necessary to specifically state in a complaint that a plaintiff is seeking to pierce the corporate veil, the plaintiff would surely have to allege *something* to show that it is entitled to relief from [the individual defendant] personally." No. CV-07-448, 2007 Me. Super. LEXIS 226 (Oct. 31, 2007) (emphasis in original). Similarly, the court in *Argo Mktg. Group v. Nutramedics, Inc.* also found that while the elements did not need to be pled, "the complaint must allege some facts that would entitle the Plaintiff to relief under the doctrine of piercing the corporate veil." No. CV-09-208, 2011 Me. Super. LEXIS 112, *4 (July 13, 2011). The court agrees with the decisions in *Blue Star Corp.* and *Argo* and finds Mr. Voyer's complaint alleges insufficient facts to show he may be entitled to relief against Mr. Ford individually.

The court understands that prior to discovery compliance with M.R. Civ. P. 11 may prevent plaintiff from alleging facts that would demonstrate he is entitled to relief against Mr. Ford. However, the factors relevant to piercing the veil, such as insolvency at the time of the litigated transaction, thin capitalization, siphoning away of corporate assets by the dominant shareholders, pervasive control, etc., are related to the underlying wage claim and are discoverable. Absent a showing of bad faith, delay, or undue prejudice, the court will permit Mr.

---

corporation does not have sufficient assets to pay the plaintiff if he succeeds in obtaining a judgment, and that Ward has intermingled his personal funds, assets and liabilities with those of the corporation." *Dineen v. Ward,* No. CV-04-067, 2005 Me. Super. LEXIS 60 (Mar. 14, 2005).

4

Voyer to amend his complaint to add Mr. Ford as a party if the proposed amended complaint contains sufficient facts that if proven would entitle plaintiff to recovery against Mr. Ford.

### c. Motion for Sanctions

The court finds pursuant to M.R. Civ. P. 11 Mr. Voyer's counsel acted in good faith in signing and filing the complaint. Therefore, sanctions are inappropriate at this time.

## III. Conclusion

Defendant Robert Ford's motion to dismiss is GRANTED without prejudice. The motion for sanctions is DENIED.

SO ORDERED.

Pursuant to M.R. Civ. P. 79, the clerk shall incorporate this order into the docket by reference.

DATE: January 19, 2017

_____
Hon. John O'Neil, Jr.
Justice, Superior Court

ENTERED ON THE DOCKET ON: 1/20/17

5