## ISRAEL B. NORCROSS *versus* BENJAMIN W. THOMS.

From evidence that a person uses his own property in such manner as to injure another in his property, comfort, or convenience, the jury would be authorized to infer that he was guilty of nuisance.

ON EXCEPTIONS, to the ruling of CUTTING, J.

CASE to recover damages by reason of an alleged nuisance maintained by the defendant.

It was proved that the defendant moved a blacksmith's shop within twelve feet of the plaintiff's hotel, and that, by reason of the black cinders, dust and ashes arising from the shop, the plaintiff was injured in his property and subjected to inconvenience and loss.

Defendant contended that a blacksmith shop is not in itself a nuisance; and that the injury alleged and proved by plaintiff did not bring said shop within the legal definition of nuisance, and that unless defendant exercied his vocation in said shop in a manner unusual, extraordinary, or out of the usual course, to the damage of the plaintiff, he could not recover.

The presiding Judge instructed the jury that, if defendant erected, continued, or used said shop for the exercise of his trade, and by reason thereof plaintiff was injured in his property, comfort, or convenience, the jury would be authorized to infer that defendant was guilty of nuisance and liable in damages.

The verdict was for plaintiff, and the defendant excepted.

*F. A. Wilson*, for defendant.

The instruction was too broad. An injury to one's *convenience* is not made a nuisance by our statute. It embraces only injuries to comfort, property, or enjoyment of one's estate. The common law is the same.

*Briggs*, for plaintiff.

The opinion of the Court was drawn up by

DICKERSON, J.—This is an action on the case for an in-

jury sustained on account of an alleged nuisance. This form of action, as its name imports, is the appropriate remedy for injuries arising in particular cases which do not fall within the ancient and technical formulas, and which would otherwise be without remedy.

It is not practicable to give a precise, technical definition of what constitutes a nuisance at common law. Blackstone in his Commentaries, vol. 3, p. 215, defines a nuisance to signify "anything that worketh hurt, *inconvenience*, or damage." "All the acts," says Bishop, 3 Crim. Law, § 848, "put forth by man, which tend directly to create evil consequences to the community at large, may be deemed nuisances, where they are of such magnitude as to require the interposition of courts." The only accurate method of ascertaining the meaning of the term nuisance at common law, is to examine decided cases, adjudged to be, or not to be, nuisances.

A nuisance is distinguishable from trespass, since it consists in a use of one's own property in such a manner as to cause injury to the property, or other right, or interest of another. It is the injury, annoyance, inconvenience, or discomfort, thus occasioned, that the law regards, and not the particular business, trade or occupation from which these result. A lawful as well as unlawful business may be carried on so as to prove a nuisance. The law, in this respect, looks with an impartial eye upon all useful trades, avocations, and professions. However ancient, useful, or necessary the business may be, if it is so managed as to occasion serious annoyance, injury or inconvenience, the injured party has a remedy. Though the nuisance be public, rendering the guilty party liable to indictment, the sufferer may recover compensation in a civil suit, proving special and peculiar damage to himself. *Cole* v. *Sproul*, 35 Maine, 161.

A reference to decided cases will aid in showing the nature, kind and extent of the injury necessary to render a party liable for maintaining a nuisance, and what trades and

occupations have been held to be so conducted as to constitute nuisances.

Being delayed four hours by an obstruction in a highway, and thereby prevented from performing the same journey, as many times in a day as if the obstruction had not existed, has been held a sufficient injury to maintain an action against the obstructer. *Greasely* v. *Codding*, 2 Bing., 263.

An injury to lands or houses which renders them useless, or even uncomfortable for habitation, is a nuisance. *Howard* v. *Lee*, 3 Sand., 281.

Using a smith's forge, *Bradly* v. *Gill*, Lutw., 69, operating a tobacco mill, *Jones* v. *Powell*, Hutt., 136, carrying on a tannery, *Pappineau's case*, 2 Str., 686, keeping a livery stable, *Coker* v. *Birge*, 10 Geo., 336, and manufacturing soap, *Brady* v. *Weeks*, 3 Barb., 157, under certain circumstances, have been respectively held to constitute a nuisance.

Our statute does not define a nuisance, but simply provides a remedy for *certain* injuries arising from a nuisance at common law. It does not deprive a party of his remedy for *other* injuries arising from the same source, but leaves the common law doctrine of nuisance in full force and effect. R. S., c. 17, § 8.

The business of a blacksmith, though honorable, necessary and useful, should be carried on so as not to injure others. The close proximity — twelve feet distant — of defendant's blacksmith shop to the plaintiff's hotel could scarcely be occupied as such without causing serious annoyance, and inconvenience to the plaintiff's guests, and consequent loss to himself. The instructions of the presiding Judge authorized the jury so to find, and, after a somewhat careful examination of the authorities, and the principles upon which they rest, we have not been able to discover any error in his instructions. *Exceptions overruled.*

APPLETON, C. J., CUTTING, DAVIS, KENT and BARROWS, JJ., concurred.