2010 ME 52

**Mark JOHNSTON**

v.

**MAINE ENERGY RECOVERY COMPANY, LIMITED PARTNERSHIP.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 23, 2009.

Decided: June 10, 2010.

Eric Cote, Esq., Saco, ME, for Mark Johnston.

David E. Barry, Esq., Catherine R. Connors, Esq., Marcel A. Quinn, Esq., Pierce Atwood LLP, Portland, ME, for Maine Energy Recovery Company, Limited Partnership.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and JABAR, JJ.

SILVER, J.

[¶ 1] Mark Johnston appeals from a judgment of the Superior Court (York County, *Fritzsche, J.*) granting the motion of Maine Energy Recovery Company, Limited Partnership (Maine Energy Recovery) to dismiss Johnston's second amended complaint with prejudice. Johnston's complaint alleged a statutory claim for a private nuisance based on odor. The court held that the complaint failed to state a claim upon which relief can be granted pursuant to M.R. Civ. P. 12(b)(6) because the statutory sections relied upon do not create a cause of action for a private odor nuisance. Because we conclude that 17 M.R.S. § 2701 (2009) provides the statutory basis for an award of damages when the elements of a private nuisance are proved pursuant to either common law or a specific statutory provision, we vacate the judgment. We do not reach the question of whether 17 M.R.S. § 2802 (2009) encompasses a private, as well as a public, nuisance.

## I. FACTS AND PROCEDURAL BACKGROUND

[¶ 2] For purposes of evaluating a motion to dismiss, we accept the facts alleged in the complaint as true. *Halco v. Davey,* 2007 ME 48, ¶ 6, 919 A.2d 626, 629.

[¶ 3] Maine Energy Recovery owns and operates a solid waste incinerator in Biddeford. Mark Johnston, a resident of Saco, lives approximately two-tenths of a mile east of the plant, on the opposite side of the Saco River. The prevailing wind in that area is from the west, so odors and emissions from the incinerator are blown toward Johnston's property.

[¶ 4] The odors reaching Johnston's property from the Maine Energy Recovery incinerator intensified beginning in 1999, and since that time Johnston has had to limit the use of his home because of them. He no longer opens his windows regularly in the summer, and when he does his entire house smells like garbage. He does not use his backyard because of the odor from the plant, and sometimes he experiences headaches and discomfort in his lungs. Johnston asserts that the odors have reduced the value of his property.

[¶ 5] Johnston complained to both Maine Energy Recovery and to the Department of Environmental Protection. Maine Energy Recovery admitted to a problem with odors from the site and has stated publicly that it has taken steps to alleviate the problem, such as installing new scrubbers and increasing the height of the scrubber stacks. These actions have not reduced the odors experienced by Johnston at his home.

[¶ 6] Johnston amended his complaint twice prior to the dismissal of his case. His initial complaint was seven sentences long and requested an injunction, alleging that Maine Energy Recovery's incinerator has emitted offensive smells for many years, and that he had complained about the odor to no avail. Maine Energy Recovery filed a motion for a more definite statement, which was granted, and Johnston responded by amending his complaint.

[¶ 7] The first amended complaint contained the same allegations as the original, but added that Johnston was asserting a common law nuisance action, as well as a statutory cause of action for nuisance pursuant to 17 M.R.S. § 2701, which provides

for a private action for damages, and 17 M.R.S. § 2802, which lists "miscellaneous nuisances" including "offensive smells."

[¶ 8] Maine Energy Recovery filed a motion to dismiss, and Johnston responded with his second amended complaint, which he asserted addressed all of the points in Maine Energy Recovery's motion. In his motion to amend the complaint a second time, Johnston stated: "defendant claims that 17 M.R.S.A. section 2802 relates only to a public nuisance. Plaintiff agrees, and has dropped the claim." The motion additionally stated that Johnston was "dropping the common law claim and going with the Maine statutory claim."

[¶ 9] The second amended complaint, which is at issue here, sought damages under section 2701 as well as an injunction under 17 M.R.S. § 2702 (2009). The complaint does not mention section 2802, or any common law claims. Maine Energy Recovery moved to dismiss the complaint for failure to state a claim upon which relief can be granted. *See* M.R. Civ. P. 12(b)(6). The court granted the motion and dismissed the complaint with prejudice, finding that sections 2701 and 2702 provide remedies for a nuisance but do not in themselves provide a basis for liability, and that a cause of action is also not supplied by section 2802, which lists only public nuisances. Under these facts, the court found that Johnston's complaint did not state a valid nuisance claim. Johnston appeals.

## II. DISCUSSION

### A. Standard of Review

[¶ 10] The legal sufficiency of a complaint, when challenged by a *motion to dismiss*, is reviewed de novo. *Persson v. Dep't of Human Servs.*, 2001 ME 124, ¶ 8, 775 A.2d 363, 365. We "examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges

facts that would entitle the plaintiff to relief pursuant to some legal theory." *Halco*, 2007 ME 48, ¶ 6, 919 A.2d at 629 (quotation marks omitted).

### B. Legal Analysis

[¶ 11] Johnston contends that, contrary to the holding of the Superior Court, his complaint sufficiently states a statutory nuisance claim under 17 M.R.S. § 2701. We conclude that section 2701 provides a statutory cause of action for damages when either the common law elements or statutory elements of nuisance are met. Because Johnston's complaint meets the requirements of notice pleading for a common law cause of action, we vacate the judgment.

#### 1. Statutory Claim

[¶ 12] Title 17 M.R.S. § 2701 provides that "[a]ny person injured in his comfort, property or the enjoyment of his estate by a common and public or a private nuisance may maintain against the offender a civil action for his damages, unless otherwise specially provided." The statute also provides for injunctive relief when a nuisance is proved. *Id.* § 2702.

[¶ 13] Although we have stated in one case that recovery under section 2701 is limited to the nuisances listed elsewhere in title 17, chapter 91, *see Charlton v. Town of Oxford*, 2001 ME 104, ¶ 25, 774 A.2d 366, 374–75, the facts of that case distinguish it from the nuisance at issue here. In *Charlton*, the plaintiffs alleged a nuisance under 30-A M.R.S. § 4302 (2009). 2001 ME 104, ¶ 9, 774 A.2d at 370. That provision, in a chapter titled "Municipalities and Counties," states that a "violation of a municipal land use ordinance or regulation is a nuisance." 30 M.R.S. § 4302. Enforcement of violations is limited, however, by another section in that chapter, which states that only municipalities may

bring actions arising under land use regulations, 30–A M.R.S. § 4452(4) (2009), and provides for fees and injunctive relief, *id.* § 4452(3). Therefore, in *Charlton,* we dealt with an explicit statutory limitation on the enforcement mechanism to respond to that particular nuisance. Allowing a private action through section 2701 would be inconsistent with that limitation. *See Charlton,* 2001 ME 104, ¶ 19, 774 A.2d at 373 ("[S]ection 4452 gives a municipality, and only a municipality, the authority to enforce land use regulations. Accordingly, only municipalities may bring an action for violations of such regulations.").

[¶ 14] Here, in contrast, there is no statutory provision limiting the remedy for an odor nuisance, so we apply the language of section 2701. *See State v. Christen,* 2009 ME 78, ¶ 12, 976 A.2d 980, 984 ("[W]hen interpreting a statute, [we] look first to the plain meaning of the statutory language to give effect to legislative intent." (quotation marks omitted)). In order to prevail on a nuisance claim under section 2701, Johnston must prove (1) that he was "injured in his comfort, property, or the enjoyment of his estate," (2) "by a common and public or a private nuisance." 17 M.R.S. § 2701. Section 2701 does not, by its plain language, limit recovery to the nuisances listed elsewhere in the chapter. Therefore, Johnston could meet the private nuisance element of section 2701 by showing either that the activity meets the general definition established at common law, or that it is specifically made a private nuisance by section 2802. An earlier version of the statute reflected this clearly, stating:

> Any person, injured in his comfort, property, or the enjoyment of his estate, *by any nuisance, as before described, or at common law* … may maintain, against the party guilty thereof, an action on the case for the recovery of the damages, which he has thereby sus-

tained, unless it be otherwise specially provided by law.

R.S. ch. 164, § 8 (1841) (emphasis added); *see also Norcross v. Thoms,* 51 Me. 503, 505 (1863) (discussing 1857 version of statute and stating that "[o]ur statute does not define a nuisance, but simply provides a remedy for *certain* injuries arising from a nuisance at common law").

 [¶ 15] Because Johnston waived his argument that the activity at issue here is specifically made a private nuisance by section 2802, *see Blue Star Corp. v. CKF Props., LLC,* 2009 ME 101, ¶ 26, 980 A.2d 1270, 1277 ("If a party in knowing possession of a right acts inconsistently with the right or that party's intention to rely on it, the right is deemed waived."), to prevail on his claim he must show that the activity meets the common law definition of a private nuisance. A private nuisance "consists in a use of one's own property in such a manner as to cause injury to the property, or other right, or interest of another." *Norcross,* 51 Me. at 504. We further explained the elements required to prove a private nuisance in *Charlton,* 2001 ME 104, ¶ 36, 774 A.2d at 377. These elements are: (1) "[t]he defendant acted with the intent of interfering with the use and enjoyment of the land by those entitled to that use," with intent meaning only that "the defendant has created or continued the condition causing the interference with full knowledge that the harm to the plaintiff's interests are occurring or are substantially certain to follow"; (2) there was some interference of the kind intended; (3) the interference was substantial such that it caused a reduction in the value of the land; and (4) the interference "was of such a nature, duration or amount as to constitute unreasonable interference with the use and enjoyment of the land." *Id.* ¶¶ 36 & 37 n. 11, 774 A.2d at 377–78 (quotation marks omitted).

[¶ 16] Johnston's complaint sufficiently pleads his claim for damages pursuant to section 2701 and the common law.[1] Maine is a notice pleading state, and only "requires 'a short and plain statement of the claim' to provide fair notice of the cause of action." *Town of Stonington v. Galilean Gospel Temple,* 1999 ME 2, ¶ 14, 722 A.2d 1269, 1272 (quoting M.R. Civ. P. 8(a)(1)). Notice pleading requires only "language that describes the essence of a private nuisance complaint"; a complaint need not identify the particular legal theories that will be relied upon. *Id.* ¶ 15 & n. 3, 722 A.2d at 1273; *see also Foss v. Me. Tpk. Auth.,* 309 A.2d 339, 342 (Me.1973) ("[O]ur task in dealing with a case such as that now before us is not to test the sufficiency of the labels employed ... but to determine, based upon the factual allegations, whether or not an interest of plaintiffs has been impaired or injured in such a way as to justify the granting of legal relief."). The complaint meets this requirement.

[¶ 17] Further, Johnston's claim is not barred by the fact that Maine Energy Recovery's activity was licensed. We have never held that any activity conducted pursuant to a license is necessarily immune from private actions. To the contrary, the licensing status of an activity does not affect the determination of whether it is a private nuisance. *See Burbank v. Bethel Steam Mill Co.,* 75 Me. 373, 382–83 (1883) (holding that even where a statute classifies an unlicensed steam engine as a "common nuisance," a private plaintiff must still prove nuisance-in-fact to recover, because "[t]he want of a license in no way caused or contributed to" the injury). Any specifically authorized activity must be conducted "in the manner contemplated by the legislative authorization," *see Foss,* 309

A.2d at 343, and both the licensing requirements and Department of Environmental Protection regulations show that Maine Energy Recovery is prohibited from creating nuisance odors, *see* 38 M.R.S. § 1310–N(1)(A) (2009); 5 C.M.R. 06 096 400–14 § 4(G)(1)(b) (2001); *see also Burbank,* 75 Me. at 384 (finding that while defendants were authorized to operate a steam mill, "their charter [does not] authorize them to ... use it in such a manner that it will be a nuisance to others in the enjoyment of their property"); *Norcross,* 51 Me. at 504 ("A lawful as well as unlawful business may be carried on so as to prove a nuisance.").

### 2. Primary Jurisdiction

[¶ 18] Finally, Maine Energy Recovery argues that the doctrine of primary jurisdiction provides an alternate ground for dismissal. That doctrine holds that "courts should avoid ruling, on appeal, on matters committed by law to the decision-making authority of an administrative agency before the administrative agency has first had an opportunity to review and decide the facts on the merits of the matter at issue." *Christian Fellowship & Renewal Ctr. v. Town of Limington,* 2006 ME 44, ¶ 40, 896 A.2d 287, 298. "As a matter of *judicial policy,*" agencies are given primary jurisdiction, based on their expertise. *See State v. R.D. Realty Corp.,* 349 A.2d 201, 207 (Me.1975).

[¶ 19] The doctrine of primary jurisdiction is not applicable here. Despite statutory requirements and Department of Environmental Protection regulations regarding odors emitted by licensed facilities, *see* 38 M.R.S. § 1310–N(1)(A); 3 C.M.R. 06 096 400–19 § 4(G)(1)(b), Maine

---

1. Although Johnston appears to have waived his common law cause of action, that does not preclude his claim because he pleaded 17 M.R.S. § 2701 (2009), which we now clarify provides a cause of action for damages for a common law nuisance, and we conclude that the pleading incorporated the common law elements of nuisance.

Energy Recovery presents no evidence that such regulation was intended to displace private nuisance actions. This is not a matter clearly committed by statute to agency decision-making. *Cf. R.D. Realty,* 349 A.2d at 205 (applying the doctrine because it is "clear that the statutory scheme envisions that ordinarily the [agency] will make the determination that a development is or is not exempt from regulation by the [agency]"). Additionally, Maine Energy Recovery has not shown that resolving nuisance odors is an area of Department of Environmental Protection expertise. Under these facts, we decline to apply the doctrine of primary jurisdiction.

[¶ 20] Johnston's complaint sufficiently states a claim for common law nuisance and damages pursuant to 17 M.R.S. § 2701, and the doctrine of primary jurisdiction does not apply. Therefore the dismissal constituted error.

The entry is:

Judgment vacated. Remanded to Superior Court for further proceedings consistent with this opinion.