STATE OF MAINE                                        SUPERIOR COURT
PENOBSCOT, ss.                                        CIVIL ACTION
                                                      DOCKET NO. CV-15-194

BANGOR GAS COMPANY, LLC,

            Plaintiff,                                **ORDER AND DECISION**
                                                      **ON DEFENDANT'S**
v.                                                    **MOTION TO DISMISS**

EXPERA OLD TOWN, LLC,

            Defendant.

Before the Court is Defendant Expera Old Town, LLC's ("Expera") Motion to Dismiss

Plaintiff Bangor Gas Company, LLC's ("BGC") single-count Complaint in which BGC asserted

a claim for anticipatory breach of contract. On December 16, 2015, this Court denied

Expera's Motion to Dissolve this Court's Order granting BGC's Motion for Ex Parte

Attachment and Attachment on Trustee Process. The pending Motion puts forth

substantially the same arguments the parties made on the Motion to Dissolve, except that

they are now based only on the statements and allegations made in BGC's Complaint and

the Natural Gas Services Agreement ("Contract").[1]

The only significant difference here is the standard of review. A motion to dismiss

tests the legal sufficiency of the complaint. *In re Wage Payment Litig. v. Wal-Mart Stores,*

*Inc.,* 2000 ME 162, ¶ 3, 759 A.2d 217. When considering a M.R. Civ. P. 12(b)(6) motion to

dismiss, the court deems admitted the facts alleged in plaintiff's complaint. *Saunders v.*

*Tisher,* 2006 ME 94, ¶ 8, 902 A.2d 830. It must "examine the complaint in the light most

favorable to the plaintiff to determine whether it sets forth elements of a cause of action or

---

[1] The Court may consider the Contract without converting this Motion to Dismiss to a
Motion for Summary Judgment because the contract is central to the plaintiff's claim, is
referred to in the complaint, and its authenticity is not challenged. *Moody v. State Liquor &*
*Lottery Comm'n,* 2004 ME 20, ¶ 7, 843 A.2d 43.

1

alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Johnston v. Me. Energy Recovery Co.*, 2010 ME 52, ¶ 10, 997 A.2d 741 (quotation marks omitted). Dismissal is warranted when the court is satisfied that it appears "beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim." *Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, ¶ 15, 970 A.2d 310. (quotation marks omitted.) This is an even lesser hurdle for the plaintiff than the more-likely-than-not standard that applies to a motion to dismiss an ex parte order of attachment. *See* M.R. Civ. P. 4A(g).

If a court concludes, as this Court did in its prior Order, that the facts alleged in a complaint support a plaintiff's claim for anticipatory breach by a standard of more likely than not, then surely it cannot later conclude the same facts show beyond doubt that the plaintiff is entitled to no relief on its theory of anticipatory breach. Applying the lesser standard of review, and finding no material arguments or facts in this Motion to Dismiss that were not also present in the preceding Motion to Dissolve, the Court denies Expera's Motion to Dismiss for substantially the same reasons laid out in its December 16, 2015 Order.

The Entry is:

1. Defendant Expera's Motion to Dismiss is **DENIED**.

2. The Clerk shall incorporate this Order by reference pursuant to M.R. Civ. P. 79.

Dated: February 25, 2016

Ann M. Murray, Justice
Maine Superior Court

2