STATE OF MAINE
YORK, SS.

SUPERIOR COURT
Civil Action
Docket No. CV-16-0149

PETER and MARCIA KELLEY,

    Plaintiffs,

    v.

DUANE E. RANCOURT, TRUSTEE
OF LINDBERGH'S LANDING TRUST,

BARBARA A. BOUTET, TRUSTEE
OF OCEANSIDE LOUNGE TRUST,

    ORDER

HFY ENTERPRISES, INC. d/b/a
OCEANSIDE GRILLE AT THE
BRUNSWICK, and

THOMAS LaCASSE,

    Defendants.

Plaintiffs Peter and Marcia Kelly own a residential condominium unit in Old Orchard Beach, Maine. Their condominium, unit # 210, is on the second floor of The Brunswick, an establishment on West Grand Avenue with both residential and commercial units. Defendants are owners or lessees of two commerical units, units A and B, which are operated as an inside and outside patio, restaurant, and bar.

Plaintiffs' complaint asserts common law and statutory nuisance claims and seeks both injunctive relief and compensatory damages. Defendants HFY Enterprises, Inc. and Thomas LaCasse have moved to dismiss pursuant to M.R. Civ. P. 12(b)(6), contending that the complaint does not adequately plead a claim for common law nuisance and that 17 M.R.S. § 2701, which is the basis for the statutory claim, does not apply to the nature of the nuisance alleged here. For the reasons recited below, the motion to dismiss is denied:

1

Maine is a notice pleading state. *Johnston v. Me. Energy Recovery Co., Ltd. P'ship*, 2010 ME 52, ¶ 16, 997 A.2d 741. A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." M.R. Civ. P. 8(a)(1). The court examines "the complaint in the light most favorable to the plaintiff to ascertain whether the complaint alleges the elements of a cause of action or facts entitling the plaintiff to relief on some legal theory." *Washington County*, 529 A.2d 1357, 1359 (Me. 1987). The complaint easily meets this standard. The elements of a private nuisance cause of action at common law are plainly, and adequately, set forth. *See Johnston*, 2010 ME 52, ¶ 15, 997 A.2d 741.

With regard to the statutory nuisance claim, section 2701 provides: "Any person injured in his comfort, property or the enjoyment of his estate by a common and public or a private nuisance may maintain against the offender a civil action for his damages, unless otherwise specially provided." Although Defendants cite a 1978 Law Court decision, *Johnson v. Whitten*, 384 A.2d 698 (Me. 1978), to support a limited construction of 17 M.R.S. § 2701, more recent authority clearly holds that this statute "provides a statutory cause of action for damages when either the common law elements or statutory elements of nuisance are met." *Johnston*, 2010 ME 52, ¶ 12, 997 A.2d 741.

Accordingly, the motion to dismiss is DENIED.

**SO ORDERED**

The clerk may incorporate this order upon the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

DATE: November 10, 2016

Hon. Wayne R. Douglas
Justice, Superior Court

2

CV-16-149

ATTORNEYS FOR PLAINTIFFS:
WILLIAM CHILDS
CHILDS RUNDLETT FIFIELD SHUMWAY LLC
350 E BRIDGE STREET
WESTBROOK ME 04092

ERIC COTE
P O BOX 350
SACO ME 04072

ATTORNEYS FOR DEFENDANT BARBARA A BOUTET, TRUSTEE OF
OCEANSIDE LOUNGE TRUST:
DAVID ORDWAY
SHAHEEN & GORDON PA
P O BOX 1179
SACO ME 04072

ATTORNEYS FOR DEFENDANTS HFY ENTERPRISES INC
& THOMAS LACASSE:
GUY D LORANGER
DANIELLE CAMPBELL
LAW OFFICE OF GUY D LORANGER
ONE GRANNY SMITH COURT SUITE 3
OLD ORCHARD BEACH ME 04064