STATE OF MAINE
SAGADAHOC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-19-33

STEVEN W. LACKIE,

Plaintiff,

v.

MAINE DEPARTMENT OF
TRANSPORTATION, *et al.*

Defendant

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER ON LANE CONSTRUCTON CORPORATION MOTION FOR SUMMARY JUDGMENT**

The matter before the court is defendant Lane Construction Corporation's Motion for Summary Judgment ("Lane Construction"). Lane Construction has moved for Summary Judgment as to its own liability on Plaintiff Steven Lackie's single count complaint. For the following reasons, the motion is GRANTED.

## BACKGROUND

On July 16, 2018, Steven Lackie was injured in a motorcycle crash on River Road in Woolwich, Maine. (Pl.'s Reply S.M.F. ¶ 1.) The accident occurred at the site of road paving operations on River Road. (*Id.* ¶ 2.) Mr. Lackie alleges that he crested a hill that obstructed his view of the site and due to inadequate warnings and signage he was unaware of the site's presence until it was too late for him to safely stop. (*Id.* ¶¶ 3-4.) Mr. Lackie crashed his motorcycle as he tried to avoid the site, sustaining injuries. (*Id.* ¶ 4.)

Mr. Lackie's complaint alleges one count against six defendants: the Maine Department of Transportation (the "DOT"), the State of Maine, Future Agency LLC, Kleinfelder Construction Services, Inc., Hagar Enterprises, Inc, and the defendant that filed the Motion for Summary Judgment now before the court, Lane Construction.

1

The complaint alleges that all of the defendants:

> controlled – or shared control – of the Construction Site, and assumed a duty to protect members of the public from foreseeable dangers associated with or arising from performance of work on the Construction Site.

(Compl. ¶ 10.) The complaint alleges that all defendants breached this duty by failing to reasonably warn southbound motorists about the ongoing construction until it was too late to avoid it. (Compl. ¶ 12.)

Lane Construction moved for summary judgment contending two things: first, Lane Construction was not present at the construction site in any capacity and thus never exercised control over the site, and second, that the DOT and its flagging contractor assumed complete responsibility for traffic safety at the construction site.

## STANDARD OF REVIEW

Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Lougee Conservancy v. City Mortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted). "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R. Civ. P. 56(h)(4). In order to controvert an opposing party's factual statement, a party must "support each denial or qualification by a record citation." M.R. Civ. P. 56(h)(2). Assertion of material facts must be supported by record references to evidence that is of a quality that would be admissible at trial." *HSBC Mortg. Servs. v. Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815.

2

## DISCUSSION

Mr. Lackie argues that his claims against Lane Construction survive summary judgment because Lane Construction had a duty to be present at the site to ensure safety. Mr. Lackie finds this duty in Lane Construction's contract with the DOT[1] and in the common law duty that craftsmen who undertake to render services owe a duty to exercise the degree of skill, care and diligence exercised by members of that profession and generic common law negligence. *See Rowe v. Bennett*, 514 A.2d 802, 804 (Me. 1986). Lane Construction responds by arguing that Mr. Lackie's complaint does not allege that Lane Construction had a duty under any contract, it only alleges that all defendants assumed a duty of care due to common control of the construction site. Further, Lane Construction argues that the law of negligence does not apply to any duties under the contract and that it is undisputed as a matter of fact that all responsibility for safety at the construction cite was assumed by the DOT and its subcontractors.

Lane Construction correctly notes that Mr. Lackie's opposition to the motion for summary judgment characterizes his claim differently than the First Amended Complaint. Mr. Lackie argues in his opposition that Lane Construction should have been present at the site to provide for safety, but this is not what is alleged in the complaint. The complaint only alleges that Lane Construction, along with all other defendants controlled or shared control of the construction site and thereby assumed a duty to protect members of the public from reasonably foreseeable dangers arising out of the work on the site. (Compl. ¶ 10.) The complaint does not mention Lane Construction's

---

[1] Mr. Lackie also claims that OSHA regulations place the burden of providing for safety at the construction cite on Lane Construction on the general contractor, but Mr. Lackie's purported expert affidavit supporting this assertion acknowledges that the scope of this duty is set by Lane Construction's contract with the DOT. Therefore, the primary issue remains Lane Construction's duties under its contract with the DOT.

3

contract with the State and the undisputed facts show that Lane Construction never had a physical presence on the site.

Maine's notice pleading standard does not demand much of a plaintiff, only that the complaint "describe the essence of claim and allege facts sufficient to demonstrate that the complaining party has been injured in a way that entitles him or her to relief." *Johnston v. Me. Energy Recovery Co.*, 2010 ME 52, ¶ 16, 997 A.2d 741. Though this standard is forgiving, it does not allow a party to shift his cause of action at any stage of proceedings. *Burns v. Architechtural Doors & Windows*, 2011 ME 61, ¶ 21, 19 A.3d 823. "Although an initial pleading may be presented in general terms, certainly by the time the parties are addressing a motion for summary judgment, a plaintiff must be prepared to clearly identify the asserted cause or causes of action and the elements of each claim." *Id.* Mr. Lackie's amended complaint clearly alleges that a duty arose from defendants' collective control of the construction site, not that Lane Construction had a specific duty under its contract with the DOT. Lane Construction had no physical presence at the site. Thus, as plead, the undisputed facts do not generate an issue of material fact as to Mr. Lackie's claim against Lane Construction.

Even if court were to allow Mr. Lackie to shift the essence of his claim against Lane Construction at this stage of proceedings without amending his complaint, Mr. Lackie's claim still fails. The question of duty is a legal matter decided by the court. *Brown v. Delta Tau Delta*, 2015 ME 75, ¶ 9, 118 A.3d 789. Lane Construction's duty, if any, must have arisen from the terms of Lane Construction's contract with the DOT.[2]

---

[2] Mr. Lackie's common law negligence argument is also contingent on Lane Construction's contractual duties. The undisputed facts are that Lane Construction did not conduct any activities on site. To support an inference that Lane Construction should have exercised control of the construction cite to ensure roadway safety, Lane Construction would have to have assumed that responsibility as the general contractor.

Mr. Lackie avers that Lane Construction's contract with the DOT incorporated a document called the Standard Specifications Revision of November 2014. (Add. S.M.F. ¶ 10.) With the Specifications incorporated into the contract, Lane Construction would assume liability for any unsafe conditions caused by the failure of its subcontractors to perform the work in conformance with the Manual on Uniform Traffic Control Devices (MUTCD).[3] However, the contract also incorporates a document titled "Special Provision Section 401." (Def.'s Ex. 10; Hall Aff. ¶ 16.) This document specifically states "The MaineDOT will provide all necessary traffic control devices, flaggers and sweeping operations; unless otherwise provided for in the Contract Documents." (Hall Aff. Ex. D 6.)

When interpreting a contract, Maine courts look to the whole instrument and aim to "give force and effect to all of its provisions and not in a way that renders any of its provisions meaningless." *Am. Prot. Ins. Co. v. Acadia Ins. Co.*, 2003 ME 6, ¶ 12, 814 A.2d 989 (quotation omitted). Here, while the Standard Specifications, read in isolation, would impose a general duty for road safety on Lane Construction, the more specific clause incorporated into the contract specifically states that the DOT is retaining responsibility for traffic control. Even if the court found this to be a contradiction that renders the contract language ambiguous, which it does not, Mr. Lackie has produced no evidence that suggests the parties' intent was for Lane Construction to assume responsibility for traffic control at the Construction Site.[4] Lane Construction, on the other hand, has

---

[3] The MUTCD sets standards for effective traffic control. The nature of these standards and whether they were met in the present case is outside the scope of this motion for summary judgment.

[4] Mr. Lackie's only evidence to this effect are conclusory statements of expert witnesses, none of which concern the specific content of the contract between Lane Construction and the DOT.

produced several pieces of evidence indicating that the intent was always for the DOT to retain responsibility for traffic safety. (*See, e.g.,* Hall Aff.)

The contract between Lane Construction and the DOT does not impose any duty on Lane Construction to provide for traffic safety. Therefore, even Mr. Lackie's modified claim against Lane Construction does not generate an issue of material fact.

## CONCLUSION

Lane Construction's Motion for Summary Judgment is GRANTED.

The Clerk is directed to enter this order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: February 1, 2022

Daniel I. Billings, Justice
Maine Superior Court

6

STEVEN W LACKIE  - PLAINTIFF
970 GARDINER ROAD
WISCASSET ME 04578
Attorney for: STEVEN W LACKIE
WILLIAM C HERBERT III - RETAINED
HARDY WOLF & DOWNING
PO BOX 3065
186 LISBON STREET
LEWISTON ME 04243-3065

SUPERIOR COURT
SAGADAHOC, ss.
Docket No   BATSC-CV-2019-00033

DOCKET RECORD

vs
FUTURE AGENCY LLC - DEFENDANT

Attorney for: FUTURE AGENCY LLC
JOHN WHITMAN  - RETAINED
RICHARDSON WHITMAN LARGE & BADGER
PO BOX 9545
PORTLAND ME 04112-9545

Attorney for: FUTURE AGENCY LLC
FREDERICK COSTLOW  - RETAINED
RICHARDSON WHITMAN LARGE & BADGER
ONE MERCHANTS PLAZA, SUITE 603
PO BOX 2429
BANGOR ME 04402-2429

THE LANE CONSTRUCTION CORPORATION - DEFENDANT

Attorney for: THE LANE CONSTRUCTION CORPORATION
FREDERICK MOORE  - RETAINED
ROBINSON KRIGER & MCCALLUM PA
TWELVE PORTLAND PIER
PORTLAND ME 04101-4713

KLEINFELDER CONSTRUCTION SERVICES INC - DEFENDANT

Attorney for: KLEINFELDER CONSTRUCTION SERVICES INC
REBECCA FARNUM  - RETAINED 11/20/2020
THOMPSON BOWIE & HATCH LLC
PO BOX 4630
415 CONGRESS STREET 5TH FLOOR
PORTLAND ME 04112-4630

HAGAR ENTERPRISES INC - DEFENDANT

Attorney for: HAGAR ENTERPRISES INC
STEPHEN ALEXANDER BELL  - RETAINED
DOUGLAS DENHAM BUCCINA KENNEDY-JENSEN & BELL
PO BOX 7108
103 EXCHANGE STREET
PORTLAND ME 04112-7108

TOWN OF WOOLWICH **DISMISSED 02/21/2020** - DEFENDANT
C/O KIM DALTON, TOWN ADMIN, 13 NEQUASSET ROAD
WOOLWICH ME 04579

Attorney for: TOWN OF WOOLWICH **DISMISSED 02/21/2020**
JONATHAN BROGAN  - RETAINED 12/11/2019
NORMAN HANSON & DETROY LLC
PO BOX 4600
TWO CANAL PLAZA
PORTLAND ME 04112-4600


MAINE DEPARTMENT OF TRANSPORTATION - DEFENDANT
C/O ATTORNEY GENERAL OFFICE, STATE HOUSE STATION 6
AUGUSTA ME 04333
Attorney for: MAINE DEPARTMENT OF TRANSPORTATION
KIMBERLY L PATWARDHAN  - RETAINED
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006


STATE OF MAINE - DEFENDANT
C/O ATTORNEY GENERAL OFFICE, STATE HOUSE STATION 6
AUGUSTA ME 04333
Attorney for: STATE OF MAINE
KIMBERLY L PATWARDHAN  - RETAINED 12/11/2019
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006


Filing Document: COMPLAINT                    Minor Case Type: OTHER NEGLIGENCE
Filing Date: 11/25/2019

## Docket Events:

12/02/2019 FILING DOCUMENT - COMPLAINT FILED ON 11/25/2019

12/02/2019 Party(s):  STEVEN W LACKIE
           ATTORNEY - RETAINED ENTERED ON 11/25/2019
           Plaintiff's Attorney: WILLIAM C HERBERT III

12/02/2019 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 11/25/2019
           DANIEL I BILLINGS , JUSTICE

12/02/2019 Party(s):  TOWN OF WOOLWICH **DISMISSED 02/21/2020**
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 11/25/2019
           UPON TOWN OF WOOLICH BY SERVING THE TOWN ADMINISTRATOR KIM DALTON IN HAND

12/02/2019 Party(s):  TOWN OF WOOLWICH **DISMISSED 02/21/2020**
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 12/02/2019
           Plaintiff's Attorney:  WILLIAM C HERBERT III

12/10/2019 Party(s):  MAINE DEPARTMENT OF TRANSPORTATION
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 11/26/2019
           UPON THE DEPUTY ATTORNEY GENERAL ON BEHALF OF THE MAINE DEPARTMENT OF TRANSPORTATION

12/10/2019 Party(s):  MAINE DEPARTMENT OF TRANSPORTATION
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 12/03/2019
           Plaintiff's Attorney:  WILLIAM C HERBERT III