STATE OF MAINE                          SUPERIOR COURT
OXFORD, ss.                             CIVIL ACTION
                                        DOCKET NO. CV-23-019

BENJAMIN BROWN,                    )
                                   )
              Plaintiff            )
                                   )
v.                                 )        ORDER ON DEFENDANT'S
                                   )        MOTION TO DISMISS
SUPERIOR INSULATION LLC, THOMAS    )
A. DUBE CONSTRUCTION-PLUS, INC.    )
d/b/a  DUBE  PLUS,  and  PRO-TECH  )
CONTRACTING, LLC,                  )
                                   )
              Defendants           )

Before the Court is Defendant Thomas A. Dube Construction-Plus, Inc. d/b/a Dube Plus's

("Dube Plus") Motion to Dismiss Count IV of Plaintiff Benjamin Brown's complaint against it.

For the following reasons, the motion is granted.

## FACTUAL ALLEGATIONS

In July of 2022, Brown entered into an agreement with Defendant Superior Insulation LLC

for the insulation of Brown's home in Woodstock, Maine. Compl. ¶¶ 9-15. Superior Insulation

installed fiberglass and spray foam insulation at the Woodstock property. *Id.* ¶¶ 17-18. Brown

subsequently notified Superior Insulation of multiple insulation defects, for which Superior

Insulation took responsibility. *Id.* ¶¶ 19-20. To correct the defects, Superior Insulation hired

Defendant Pro-Tech Contracting, LLC to perform demolition services. *Id.* ¶¶ 21-22.

A pricing dispute arose during the process of curing the insulation defects. *Id.* ¶ 46. When

Superior Insulation failed to pay certain deposits to secure work, Brown had to make several

payments out of pocket. *Id.* ¶¶ 47-48. Superior Insulation took the position that it would not

consider paying any additional amounts unless and until an independent contractor was engaged

1

to provide estimates. *Id.* ¶ 49. Superior Insulation then retained Dube Plus as the independent contractor. *Id.* ¶ 50. After going to the Woodstock property, Dube Plus communicated directly with the Plaintiff "in order to threaten Plaintiff that Plaintiff should agree to Dube's estimates; however, Dube (a) greatly reduced several components of its estimate significantly below industry standard yet (b) indicated that Dube would <u>not</u> do the work." *Id.* ¶ 52 (emphasis in original). Superior Insulation and Dube Plus "colluded to deprive Plaintiff of the reasonable value of the services needed to remedy the multiple problems caused by [Superior] Insulation LLC." *Id.* ¶ 53.

On April 25, 2023, Brown filed a 4-count complaint alleging breach of the implied warranty of workmanlike quality against Superior Insulation and Pro-Tech (Count I), breach of the implied warranty of merchantability against Superior Insulation (Count II), violation of 10 M.R.S. § 1482 against Superior Insulation (Count III), and violation of the Unfair Trade Practices Act against Superior Insulation and Dube Plus (Count IV). Dube Plus's Motion to Dismiss dated May 11, 2023, seeks its dismissal from Count IV of the complaint for failure to state a claim pursuant to Maine Rule of Civil Procedure 12(b)(6).

### STANDARD OF REVIEW

"A motion to dismiss tests the legal sufficiency of the complaint, the material allegations of which must be taken as admitted." *Packgen, Inc. v. Bernstein, Shur, Sawyer & Nelson, P.A.*, 2019 ME 90, ¶ 16, 209 A.3d 116 (citations and quotation marks omitted). When deciding a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), this Court reviews the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *In re Wage Payment Litig.*, 2000 ME 162, ¶ 3, 759 A.2d 217). "A dismissal is only proper when it appears beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that [it] might

2

prove in support of [its] claim." *Id.* (alterations in original) (quoting *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43). "Maine is a notice pleading state, and only requires a short and plain statement of the claim to provide fair notice of the cause of action." *Johnston v. Me. Energy Recovery Co., Ltd. P'ship*, 2010 ME 52, ¶ 16, 997 A.2d 741 (internal quotation marks omitted).

## DISCUSSION

Dube Plus moves this Court to dismiss Plaintiff's claim for violation of the Maine Unfair Trade Practices Act ("UTPA") for failure to state a claim upon which relief may be granted. M.R. Civ. P. 12(b)(6). A party may maintain a private right of action under the UTPA pursuant to Section 213, which provides, in relevant part:

> **1. Court action.** Any person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 207 . . . may bring an action . . . for actual damages, restitution and for such other equitable relief, including an injunction, as the court determines to be necessary and proper.

5 M.R.S. § 213(1). Section 207 declares unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Id.* § 207. To be unfair, the act or practice "(1) must cause, or be likely to cause, substantial injury to consumers; (2) that is not reasonably avoidable by consumers; and (3) that is not outweighed by any countervailing benefits to consumers or competition." *State v. Weinschenk*, 2005 ME 28, ¶ 16, 868 A.2d 200. A deceptive act or practice is "a material misrepresentation, omission, act or practice that is likely to mislead consumers acting reasonably under the circumstances." *Id.* ¶ 17.

3

Broken down, Brown must allege that he purchased the services at issue for personal, family or household purposes and suffered a loss of money or property as a result of Dube Plus's unfair or deceptive act to survive the pending motion to dismiss. The requirement that a plaintiff suffer a loss as a result of the defendant's act operates as a limitation on the private right of action. *McKinnon v. Honeywell Int'l, Inc.*, 2009 ME 69, ¶ 21, 977 A.2d 420; *Bartner v. Carter*, 405 A.2d 194, 201 (Me. 1979). A plaintiff therefore cannot establish his claim by proving "merely that the representations had a capacity or tendency to deceive." *Bartner*, 405 A.2d 201 (internal quotation marks omitted). Actual loss is required, and that loss must be substantial. *McKinnon*, 2009 ME 69, ¶ 21, 977 A.2d 420. "The plain language of the statute denies relief for plaintiffs who do not demonstrate injury from the alleged deceptive or unfair practice." *Id.* (quoting *Tungate v. MacLean-Stevens Studios, Inc.*, 1998 ME 162, ¶ 13, 714 A.2d 792).

The Complaint does not allege the necessary facts to entitle the Plaintiff to relief under the UTPA and survive the Motion to Dismiss. Brown did not purchase or lease Dube Plus's services; rather, Superior Insulation retained Dube Plus as an independent contractor to provide estimates. Nor does the Complaint allege that Brown suffered a loss of money or property as a result of Dube Plus's conduct. Dube Plus merely provided Brown with an estimate. Brown did not accept the estimate, pay Dube Plus any funds, or rely upon that estimate to reach agreement with Superior Insulation to cure the defects. Compl. ¶¶ 49-53. The Plaintiff has therefore failed to establish a private right of action against Dube Plus under the UTPA.

The entry is:

Defendant Thomas A. Dube Construction-Plus, Inc. d/b/a Dube Plus's Motion to Dismiss Count IV as to Dube Plus is GRANTED.

4

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to enter this Order on Defendant's Motion to Dismiss on the civil docket by a notation incorporating it by reference.


Date: July 28, 2023

_____
Jennifer A. Archer
Justice, Maine Superior Court

# WADLEIGH, STARR & PETERS, P.L.L.C.

WILLIAM C. TUCKER
MARC R. SCHEER
GREGORY G. PETERS
FRANK P. SPINELLA, Jr.
DEAN B. EGGERT
MICHAEL R. MORTIMER
KATHLEEN C. PEAHL
RICHARD THORNER
CHARLES F. CLEARY
CHRISTINE GORDON
TODD J. HATHAWAY
ALISON M. MINUTELLI
MICHAEL J. TIERNEY
DONNA J. BROWN
ROBIN D. MELONE

CRAIG S. DONAIS
ALYSIA M. CASSOTIS
CHRISTOPHER P. MCGOWN
*TIERNEY M. CHADWICK
STEPHEN N. ZAHARIAS
ABBY TUCKER
ALLISON M. TAMPOSI
STEPHEN M. BENNETT, Of Counsel
ELIZABETH E. EWING
JEFFREY D. ODLAND
WILLIAM P. REDDINGTON
MICHAEL G. EATON
GRETCHEN M. WADE
AUTUMN H. KISH
CATHERINE C. BOUSQUET
EMILY E. PETERSON

* Also admitted in MA, RI, and ME

Attorneys At Law
95 Market Street
Manchester, New Hampshire 03101
Telephone (603) 669-4140
Facsimile (603) 669-6018

WWW.WADLEIGHLAW.COM

*Serving New Hampshire since 1899*

Direct Dial: (603) 206-7219
tchadwick@wadleighlaw.com

May 31, 2023

Michelle Racine, Clerk
Oxford County Superior Court
P. O. Box 179
South Paris, ME   04281

>       Re:     Docket No. CV-2023-00019
>               Benjamin Brown v. Superior Insulation, LLC, Thomas A. Dube
>               Construction-Plus, Inc., d/b/a Dube Plus, and Pro-Tech
>               Contracting, LLC

Dear Clerk Racine:

In accordance with a telephone message received from the Clerk's Office, enclosed please find Proposed Order on Assented-To Motion for Extension of Time to Answer or Otherwise Plead of Superior Insulation, LLC, for filing in the above-referenced matter.

Thank you for your courtesy and assistance.

Very truly yours,

Tierney M. Chadwick

TMC/whd
Enclosure
cc:     Jason B. Dennis, Esquire
        Christopher D. Hawkins, Esquire
        Pro-Tech Contracting, LLC

SOPSC/DC/OXFCD
JUN 2 '23 PM 12:55



# HASTINGS LAW OFFICE, P.A.

───────── Est. 1847 | Serving Maine and New Hampshire ─────────

DAVID R. HASTINGS, III
ANDREW P. PIERCE
JASON B. DENNIS
JONATHAN G. BURK

DAVID R. HASTINGS 1847-1896
EDWARD E. HASTINGS 1879-1939
HUGH W. HASTINGS 1914-1967
DAVID R. HASTINGS II 1949-2010
PETER G. HASTINGS 1961-2022

May 25, 2023

Oxford County Superior Court
Attn: Michelle Racine, Clerk
P.O. Box 179
South Paris, ME 04281-0179

      **Re:**   **Benjamin Brown v. Superior Insulation, LLC; Thomas A. Dube Construction-Plus, Inc. D/B/A Dube Plus; and Pro-Tech Contracting, LLC**
            **Docket No.: CV-2023-00019**

Dear Clerk Racine:

Enclosed please find the Plaintiff's Objection to Defendant Dube Plus's Motion to Dismiss with Incorporated Memo of Law.

Should the Court have any questions or need anything further, please do not hesitate to contact our office.

Sincerely,

Jason B. Dennis

Encl.
Cc:   Client
      Christopher D. Hawkins, Esq.
      Tierney M. Chadwick, Esq.
      Pro-Tech Contracting, LLC

SOPSC/DC/OXFCD
MAY 30 '23 PM 12:21

───────────────────

Physical address: 376 Main Street, Fryeburg, Maine  •  207-935-2061
Mailing address: P.O. Box 290, Fryeburg, ME 04037  •  www.hastings-law.com



Lawyers
*Dedicated to Clients*

CELEBRATING OVER 35 YEARS OF SERVICE TO OUR CLIENTS

***Please Respond to the Exeter Office***

LIZABETH M. MACDONALD
JOHN J. RATIGAN
DENISE A. POULOS
ROBERT M. DEROSIER
CHRISTOPHER L. BOLDT
SHARON CUDDY SOMERS
DOUGLAS M. MANSFIELD
KATHERINE B. MILLER
CHRISTOPHER T. HILSON
HEIDI J. BARRETT-KITCHEN
JUSTIN L. PASAY
ERIC A. MAHER
CHRISTOPHER D. HAWKINS
ELAINA L. HOEPPNER
WILLIAM K. WARREN
BRIANA L. MATUSZKO

RETIRED
MICHAEL J. DONAHUE
CHARLES F. TUCKER
ROBERT D. CIANDELLA
NICHOLAS R. AESCHLIMAN

May 11, 2023

Michelle Racine, Clerk of Court
Oxford County Superior Court
26 Western Ave.
South Paris, ME 04281

Re: **Benjamin Brown v. Superior Insulation, LLC, Thomas A. Dube Construction-Plus, Inc. d/b/a Dube Plus, and Pro-Tech Contracting LLC Docket No. CV02023-00019**

Dear Ms. Racine:

Enclosed for filing with the court please find the following documents:

1. My appearance for Thomas A. Dube Construction-Plus, Inc. d/b/a Dube Plus.

2. Motion to Dismiss with Incorporated Memorandum of Law of Thomas A. Dube Construction-Plus, Inc. d/b/a Dube Plus.

3. Proposed order on Motion to Dismiss.

Please let me know if you have any questions regarding these documents.

Very truly yours,

DONAHUE, TUCKER & CIANDELLA, PLLC

Christopher D. Hawkins
chawkins@dtclawyers.com

cc: Jason Dennis, Esq. (w/enc)
Superior Insulation, LLC (w/enc)
Pro-Tech Contracting, LLC (w/enc)

SUPSC/DC/OXFCD
MAY 15 '23 PM 12:17

DONAHUE, TUCKER & CIANDELLA, PLLC
16 Acadia Lane, P.O. Box 630, Exeter, NH 03833
111 Maplewood Avenue, Suite D, Portsmouth, NH 03801
Towle House, Unit 2, 164 NH Route 25, Meredith, NH 03253
1-800-566-0506          83 Clinton Street, Concord, NH 03301          www.dtclawyers.com